# City of Philadelphia, Appellant *v.* Pennsylvania Institution for the Instruction of the Blind.

*Taxation—Exemption—Charity—Portion of year—Appeals—Tax lien.*

Tax is assessed in Philadelphia prior to the beginning of the tax year, and the whole tax is due at the beginning of the year. If no appeal is taken from the assessment of the tax, the decision of the taxing officers becomes final and conclusive.

A defense in a scire facias on a tax lien, which alleges that after the liability for tax became fixed for the year the property was devoted to a use which exempted it from taxation, is not available.

There is no statute which provides for the exemption for a portion of a year, of property which may be applied during the tax year to such uses as exempted it from taxation.

Argued Dec. 16, 1904. Appeal, No. 245, Oct. T., 1903, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 368, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia v. Pennsylvania Institution for the Instruction of the Blind. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Scire facias sur tax claim.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging rule for judgment.

*James Alcorn*, assistant city solicitor, with him *Mayne R. Longstreth* and *John L. Kinsey*, city solicitor for appellant.— It is submitted that the case of Philadelphia v. Keystone Battery A. N. G. P., 169 Pa. 526 does not rule this case.

The Act of June 4, 1879, P. L. 90, sec. 1, does not apply.

The Act of June 4, 1879, P. L. 90, sec. 1, is unconstitutional and therefore null and void as to institutions of purely public charity: Phila. v. Ridge Ave. Ry. Co., 142 Pa. 484; Fox's App., 112 Pa. 337 ; Mercantile Library Hall Co. v. Pittsburg, 11 Atl. Repr. 667.

Even if the court should decide that a lot of land with some unfinished and unused buildings on it can be exempt as being an institution of purely public charity this property would still be taxable.

Exemption is only claimed for the last half of the year after the buildings were commenced. It can not be claimed and is not, that the property is exempt prior thereto and liability for over half of the year's tax is admitted.

And in Philadelphia the tax is assessed prior to the tax year and the whole tax is due at the beginning of the year : Dungan's App., 88 Pa. 414; Camac v. Beatty, 5 Phila. 129 ; Shaw v. Quinn, 12 S. & R. 299; Hogg v. Longstreth, 97 Pa. 255; King v. Mt. Vernon Building Assn., 106 Pa. 165; Philadelphia v. Barber, 160 Pa. 123.

But wherever the question has arisen in other jusisdictions it has been decided that a grant of exemption whether made by constitution or by statute cannot have the effect of releasing the beneficiary from the payment of taxes which have been finally assessed and have become due and payable before the grant takes effect: Prevost v. Greneaux, 60 U. S. 1 ; Louisville Water Co. v. Kentucky, 170 U. S. 127 (18 Sup. Ct. Repr. 571); People v. Commrs. of Taxes, 91 N. Y. 593; In Re Van Kleeck, 121 N. Y. 701 (25 N. E. Repr. 50); First Cong. Church v. Linn County, 70 Ia. 396 (30 N. W.

Repr. 650); State v. New Orleans, 40 La. Ann. 697; (4 So. Repr. 891); Donnell v. Webster, 63 Me. 15; Appeal Tax Court v. Baltimore Academy, 50 Md. 437; McCulloch v. Stone, 64 Miss. 378 (8 So. Repr. 236); Turley Institute v. City of Memphis, 8 Heisk. 845.

*H. Gordon McCouch* for appellee.—The legislature had power, under the constitution, to exempt from taxation the land in question during the erection of buildings thereon for purposes of purely public charity: Mullen v. Commissioners of Erie County, 85 Pa. 288; House of Refuge v. Smith, 140 Pa. 387; Phila. v. Keystone Battery A. N. G. P., 169 Pa. 526.

The general assembly has passed laws exempting from taxation the property in question: Acts of May 14, 1874 and June 4, 1879.

The mere fact that in Philadelphia the tax is assessed prior to the tax year, and that the whole tax is due at the beginning of the year, does not preclude the appellee from the benefit of the exemption from July 27, 1897, to the end of that year: Com. v. American Machine Co., 2 Chest. Co. Rep. 186; Com. v. Wyoming Valley Canal Co., 50 Pa. 410; Com. v. Atlantic Refining Co., 2 Pa. C. C. Rep. 62; Moore v. Taylor, 147 Pa. 481; Phila. v. Barber, 160 Pa. 123.

OPINION BY HENDERSON, J., July 13, 1905:

That the property of the appellee was regularly assessed and subject to taxation at the time the tax was assessed, is not controverted, and is admitted in the affidavit of defense. The property consisted of twenty-six acres of land, title to which the appellee acquired in 1896. Exemption is claimed, however, from July 29, 1897, until December 31 of that year, because of the fact that the defendant is an institution of purely public charity, and on July 29, 1897, began the erection of school buildings on the assessed premises. The buildings were not completed until the end of the year 1898. It is contended that the Act of June 4, 1879, P. L. 90, which provides that "Nothing in the act to which this is a supplement (i. e., exemption Act of May 14, 1874, P. L. 158, sec. 1) shall be taken as implying that any building if incomplete or in the course of construction shall be subject to taxation where said building was

intended under the provisions of said act to be exempted from taxation when completed," relieves the property from liability from the time the construction of the building is commenced. The appellant contends that until the property is actually used as an institution of public charity, it is not a subject of exemption, and further, that irrespective of its use in the latter half of the year, it is subject to the tax lien.

Tax is assessed in Philadelphia prior to the beginning of the tax year, and the whole tax is due at the beginning of the year: King v. Mt. Vernon Building Association, 106 Pa. 165.

No appeal having been taken from the assessment of the tax in question, the decision of the taxing officers became final and conclusive.

It was said in Moore v. Taylor, 147 Pa. 481, that "the duty of taxing officers is quasi judicial, and it is well settled that when the general power to assess exists, the remedy for illegal taxation is by appeal. If none be given, neither the common pleas nor this court can reverse the judgment of the taxing officer."

It was decided in Shaw v. Quinn, 12 S. & R. 299, that the person charged at the beginning of the year is liable for the taxes of the whole year though he alien before the date of appeal.

At the time the tax in question was charged and became payable, it was charged against the appellee and a lien against its land. It became so by the action of the taxing authorities, who fixed the liability according to the statute regulating the subject. We have not been shown any authority authorizing the court in a proceeding to enforce the collection of the tax so regularly assessed and filed, to relieve the property from the charge. The Act of April 26, 1893, P. L. 25, makes it the duty of the board of revision of taxes in any city of the first class, to add to the assessment books any real estate which had ceased to be entitled to exemption because no longer occupied and used for a purpose entitling it to exemption; said taxation to be for the proportionate part of the year, but no statute provides for the exemption of property for a portion of the year which may be applied during the tax year to such uses as exempted it from taxation.

The Commonwealth v. Atlantic Refining Company, 2 Pa.

C. C. Reps. 62, and the cases there cited, relate to tax accounts against corporations heard on appeal from the settlements by the auditor general. The subject there under consideration was the assessment itself and the court was warranted under the authorities in taking into consideration the changed condition of the subject of taxation in determining the amount to be properly charged. When we consider that the tax was regularly assessed and became a lien on the land, we are of the opinion that the defense in the scire facias on the tax lien, which alleges that after the liability for tax became fixed the property was devoted to the use which exempted it from taxation, is not available. It follows therefore that the judgment is reversed. The rule for judgment for want of a sufficient affidavit of defense is reinstated and the record remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong unless other legal or equitable cause be shown to the court below why such judgment should not be entered.