Integrity Trust Co. *v.* St. Rita B. & L. Assn.,
Appellant.

344

Argued October 13, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Hugh McAnany,* and with him *Andrew J. Schroder, 2nd,* for appellant, cited: Pennsylvania Co. v. Bergson, 307 Pa. 44.

*Wayne P. Rambo,* and with him *J. Channing Ellery, Robert Mair* and *Ormond Rambo,* for appellee, cited: Randal v. Jersey Mortgage Investment Company, 306 Pa. 1; Bulger v. Wilderman, 101 Pa. Superior Ct. 168.

OPINION BY KELLER, J., March 3, 1934:
This is an appeal from a judgment entered for want

of a sufficient affidavit of defense. Summary judgment should not be so entered, if a substantial doubt exists as to the propriety of its entry: Gordon v. Continental Casualty Co., 311 Pa. 109, 111, 166 A. 557; Ashland Towson Corp. v. Kasunic, 110 Pa. Superior Ct. 496, 168 A. 502.

The action was brought to recover taxes assessed against premises, 5715 Chester Avenue, Philadelphia, for the years 1931 and 1932, which the plaintiff as purchaser at sheriff's sale had been required to pay, and which defendant, as owner of the real estate during those years, should have paid. The claim is based on the right of this plaintiff, who paid taxes for which the defendant was personally liable to the City of Philadelphia (Acts of April 16, 1845, P. L. 495, sec. 4; March 11, 1846, P. L. 114, sec. 2; March 13, 1847, P. L. 340), to be subrogated to the rights of the city to proceed against the owner liable for their payment, and bring its action in assumpsit for reimbursement of the moneys which it was obliged to pay in relief of the defendant: Penna. Co. v. Bergson, 307 Pa. 44, 55, 159 A. 32; Landreth v. McCaffrey, No. 2, 17 Pa. Superior Ct. 276; Meyers v. Rental Income Corp., 101 Pa. Superior Ct. 438.

This right of subrogation, with its attending advantages, arises by operation of, and depends on, equity alone: South Phila. State Bank's Insolvency, 295 Pa. 433, 435, 145 A. 520; National Surety Co. et al. v. Franklin Trust Co., 313 Pa. 501, 170 A. 683. It will not be enforced where the equities are equal, or the rights not clear, nor to the prejudice of the legal or equitable rights of others: Royal Arcanum v. Cornelius, 198 Pa. 46, 49, 47 A. 1124.

As the defendant was the owner of premises No. 5715 Chester Avenue at the times when the taxes for 1931 and 1932 were due, that is, at the beginning of each year, (See Shaw v. Quinn, 12 S. & R. 299; Theo-

bald v. Sylvester, 27 Pa. Superior Ct. 362, 365; King v. Mt. Vernon Bldg. Assn., 106 Pa. 165, 168; City of Phila. v. Penna. Institute, 28 Pa. Superior Ct. 421, 424) it admitted its liability for the taxes in suit, but claimed that the plaintiff has in its possession moneys which it had collected by way of rents, and which it had agreed to apply to payment of said taxes, as well as to interest, but which it had not so appropriated, in excess of the taxes so paid, and that by reason thereof the plaintiff is not entitled to judgment, but defendant is entitled to a certificate in its favor. Briefly stated the following facts appear from the statement of claim and affidavit of defense. Prior to August 8, 1927 one William V. Rowan was the owner of said premises, which were encumbered by a mortgage held by plaintiff, or its predecessor as trustee. On August 8, 1927 defendant lent Rowan $7,000 on second mortgage, and on or about January 1, 1930, by agreement with Rowan began collecting the rents. Defendant foreclosed its second mortgage and became the purchaser of the premises at sheriff's sale on June 22, 1930, subject to the first mortgage held by plaintiff. By agreement between plaintiff and defendant the latter's agent, who had been collecting the rents, was directed to pay the same to the plaintiff, to be used for taxes, interest and reduction in the principal of the mortgage. Pursuant to this agreement all the net rents were paid plaintiff from May 29, 1930 to September 26, 1932. The rents so collected, and paid to plaintiff, amounted to $2,592.69. On September 5, 1932 the real estate was sold at foreclosure sale on the first mortgage held by plaintiff, and purchased by it; and on October 10, 1932 a sheriff's deed for the premises was delivered the plaintiff. In securing the judgment in the scire facias sur mortgage, the plaintiff, in its affidavit of amount due, gave no credit, on either interest or principal, for any moneys re-

ceived as rents from the mortgaged real estate as aforesaid. The judgment obtained in the scire facias was for the full amount of principal due and interest, without deduction on account of any rents so received. The taxes for 1931 amounted to $554.04 and for 1932, $441.22. Defendant claimed (1) the right to offset these taxes, amounting to $995.26 and interest, against the rent money in plaintiff's hands, and (2) to be entitled to judgment for the balance remaining after payment of taxes.

The court below entered judgment for the plaintiff for the full amount of its claim, on the theory that the agreement of the plaintiff to apply the rent money, which it received from defendant's agent, to taxes was without consideration; and struck off the defendant's counterclaim for the excess of rents over and above taxes. We think the court erred in both respects.

It does not appear in the pleadings whether the leases on which rent was collected and paid the plaintiff under the agreement before referred to, were made before or after the execution of the first mortgage. As that mortgage was dated July 2, 1923, probably after. The rights of the mortgagee in regards to collection of the rents are not precisely the same in both cases; they are somewhat broader or more extended as respects leases made before the mortgage: Bulger v. Wilderman & Pleet, 101 Pa. Superior Ct. 168, 178, 179. But whether the leases antedated or postdated the mortgage, the mortgagee could legally agree to apply the rents received to payment of taxes on the property mortgaged. One can always legally bind himself to do what the law imposes on him the duty to do.

While the mortgagee, on condition broken, has a right to enter into possession and collect the rents, if he can peaceably do so, and payment by the tenant in such case to the mortgagee on demand by the latter

is a good defense to the mortgagor's claim for the rent, (Bulger v. Wilderman & Pleet, supra; Randal v. Jersey Mortgage Investment Co., 306 Pa. 1, 5, 158 A. 865), the rent so collected by the mortgagee does not become his own individual property until he has appropriated it to the interest due him on the mortgage, or on account of the principal. As to the rents so collected by the mortgagee, he becomes a quasi trustee for the benefit of the mortgagor or his assignee —a trustee in a very limited sense, (Thomas on the Law of Mortgages (1877), p. 85; Ten Eyck v. Craig, 62 N. Y. 406), but to that limited extent equity treats him as a constructive trustee—and he is bound to account for the rents and profits: Reitenbaugh v. Ludwick, 31 Pa. 131, 141; Ten Eyck v. Craig, supra; Reich v. Cochran, 213 N. Y. 416, 107 N. E. 1029, 1031. And, in this State, where courts of law administer equity under common law forms, he is regarded as a trustee who is bound to account for the rents and profits: Reitenbaugh v. Ludwick, supra; Wells v. Van Dyke, 109 Pa. 330, 336; Scruggs v. Memphis & Charleston R. R. Co., 108 U. S. 368, 375. The plaintiff's claim is based on the equitable right of subrogation, and is subject to countervailing equities. The mortgagee's duty, while in possession, is said to be that of a 'provident owner' (Thomas on the Law of Mortgages, p. 81; Moshier v. Norton, 100 Ill. 63, 68); "with duties and obligations analogous to a trustee": Brown v. Simons, 44 N. H. 475, 478. A 'provident owner' in receipt of rents and profits sufficient to pay the taxes on the property would pay them; hence it has been held that a mortgagee in possession, if in receipt of sufficient rents to do so, ought to pay the taxes: Moore v. Titman, 44 Ill. 367, 370; Schenck v. Kelley, 88 Ind. 444, 449; Jones on Mortgages, sec. 882 (8th Ed.), sec. 713 (7th Ed.). "A mortgagee in possession is allowed, and it may be his duty, to pay taxes

out of rents and profits. If he suffers the land to be sold for taxes in violation of his duty, and purchases on the sale, he would upon general principles be deemed to hold the title as trustee'': Ten Eyck v. Craig, supra, p. 422. To the same effect, see Burchard v. Roberts, 70 Wis. 111, 35 N. W. 286, 291; Shepard v. Vincent, 38 Wash. 493, 80 Pac. 777, 779; Harrie v. Banks, 1 Randolph (Va.) 408; Brown v. Simons, supra. Taxes may be paid by a mortgagee out of his own moneys, and in such case are paid for the benefit of the land; and the mortgagee so paying is not a mere volunteer, but pays in reliance that the land is liable and the lien will be transferred to him in favor of the mortgage debt: Hogg v. Longstreth, 97 Pa. 255, 259; DeHaven v. Roscon B. & L. Assn., 107 Pa. Superior Ct. 459, 460, 164 A. 69; Kortright v. Cady, 23 Barbour 490, 497; Burr v. Veeder, 3 Wendell 412, 414.

Hence, we think it is the law in this State that whenever a mortgagee, pursuant to demand, is collecting the rents from the mortgaged premises, and does so for the entire year,—equivalent to the phrase, 'the entire income,' referred to in Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 255, 256, following Jones on Mortgages, sec. 713 (7th Ed.),—and has in his possession out of said rents, sufficient funds, after paying necessary repairs and expenses, (Givens v. McCalmont, 4 Watts 460, 463) to pay the taxes on the property, it is his duty to do so; and especially so where he has not appropriated the funds in his hands to the interest on the mortgage. By virtue of statutory law taxes are a claim against the real estate superior to the mortgage, and on a sale under the mortgage are entitled to be paid before the mortgage creditor gets anything. Hence, with sufficient funds in his hands applicable to the purpose, the mortgagee should, as a provident owner would do, apply the

funds to the superior claim; and certainly so, where he has not appropriated them to his own claim for interest. But there can be no doubt of his duty in this respect where the rents are turned over to him by the owner of the premises on his agreement to apply so much as may be needed, after payment of necessary repairs and expenses, to the taxes. It is not a case of the mortgagee agreeing to apply *his own funds* to the taxes on the real estate of another, but rather agreeing to apply the funds of the owner, placed in his (the mortgagee's) hands as additional security for the mortgage debt, (Jones on Mortgages, 8th Ed. sec. 868) to the superior claim or obligation to which the owner, with his, the mortgagee's consent had appropriated it. For such an agreement there is ample consideration. The payment of taxes enures to the benefit of both.

In the absence of an agreement between the parties the receipt of money by a mortgagee in possession by way of rents does not amount to a *payment* on the mortgage. Only such amount remaining after payment of necessary repairs (Givens v. McCalmont, 4 Watts 460, 463) and taxes, as is appropriated by the mortgagee to the mortgage debt, interest or principal, constitutes a payment on the mortgage: Hubbell v. Moulson, 53 N. Y. 225, 228; Reich v. Cochran, supra, 107 N. E. 1029, pp. 1031, 1032; Moshier v. Norton, supra, p. 68.

It must be remembered that the defendant in this action is not the mortgagor. It is only a terre tenant, in its restricted sense: Commonwealth Trust Co. v. Harkins, 312 Pa. 402, 408, 167 A. 278. In the absence of special agreement, which does not appear in this record, there was no personal liability whatever on the part of this defendant to the plaintiff: Baum v. Tonkin, 110 Pa. 569, 1 A. 535. It had given the plaintiff no bond. With the foreclosure of the mortgage,

defendant's liability, as respects the mortgage debt itself, was ended, and any moneys remaining in plaintiff's hands out of the net rents, which had not been appropriated by it on account of the mortgage, were the property of the defendant. The situation would be otherwise as respects the mortgagor himself. For unless the foreclosure sale brought a price sufficient to pay the mortgage in full, the mortgagee, having net rents after payment of necessary repairs and expenses and taxes, which it had not appropriated on account of the mortgage interest or principal, would, ordinarily and in the absence of special equities, (See Act of January 17, 1934, Special Session 1933, P. L. 243), be entitled to hold these excess funds to be applied by it to the deficiency on the bond. But that rule cannot be applied as respects a 'terre tenant,' such as an alienee of the mortgagor, who is under no personal obligation by way of bond to the mortgagee. The mortgagee cannot, after the *mortgage* is foreclosed, apply the money of such an owner to the deficiency on the bond due by the mortgagor.

The foregoing, we think, establishes that this was not a case for a summary judgment for want of a sufficient affidavit of defense. If on the trial it should appear that all of the rents were used in the payment of necessary repairs and expenses, leaving nothing for the payment of taxes, the plaintiff would be entitled to a verdict. But if after deducting such necessary repairs and expenses and payment of taxes there remained a surplus in the plaintiff's hands, which had not been appropriated by it to interest or principal of the mortgage, when the mortgage was foreclosed,— and the judgment on the scire facias would be conclusive on that point—, the defendant would be entitled to a verdict for the overplus.

The assignments of error are sustained. The judg-

ment is reversed. The counterclaim is reinstated, with leave to the plaintiff to file a reply *sec. leg.;* and a procedendo is awarded.