Pennsylvania Company for Insurances on Lives and Granting Annuities, Appellant, *v.* Monarch Building & Loan Assn.

Argued November 1, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas P. Mikell,* of *Saul, Ewing, Remick and Saul,* for appellant.

*Lionel Teller Schlesinger,* for appellee.

OPINION BY STADTFELD, J., February 1, 1935:

This was an action in assumpsit brought by the plaintiff to recover from the defendant taxes paid by plaintiff assessed against premises No. 326 S. Fifteenth Street, Philadelphia, for 1931, against which the plaintiff company held a first mortgage, and the defendant a second mortgage.

The statement of claim avers that on October 10, 1927, one Anna Cahan Katcher, wife of William Katcher, then the owner of said premises, executed and delivered to The Pennsylvania Company for Insurance on Lives and Granting Annuities and John H. Gay, surviving trustees under the will of Deborah A. Gay, deceased, a bond and mortgage conditioned for the payment of $20,000 at the expiration of three years, and which was duly recorded on the same day; that by deed dated July 15, 1930, duly recorded, the said Anna Cahan Katcher granted and conveyed said premises unto one Amelia S. Longo, who, it was alleged, took title as a straw party in trust for the sole use and benefit of Monarch B. & L. Association, defendant, which caused title to be placed in said Amelia S. Longo for the purpose of avoiding liability for taxes assessed against said premises for 1931 and subsequent years, and that said grantee had no beneficial interest in said premises; that on September 3, 1931, plaintiff,

surviving trustee, caused a writ of scire facias sur mortgage held by it to be issued, recovered judgment thereon on October 7, 1931, and upon a writ of lev. fa. issued thereon became the purchaser of said property at sheriff's sale, by deed from the sheriff dated November 9, 1931; that thereafter plaintiff paid to the City of Philadelphia the taxes and water rents assessed against said premises for 1931 in the name of the said Amelia S. Longo.

The affidavit of defense denied that Amelia S. Longo took title to the premises in trust for the sole use and benefit of the defendant, or for the purpose of avoiding liability for taxes assessed against said premises; it averred that the owner, Anna Cahan Katcher, becoming in default on the first mortgage held by plaintiff company, the latter on June 18, 1930, by letter notified said owner and the solicitor of defendant association that foreclosure proceedings would be started, unless said defaults were remedied; that the representative of plaintiff company requested defendant association to procure a deed from the said Katchers to a second person, so that the said premises would not be further encumbered by the Katchers, to advance the interest on the first mortgage held by plaintiff, and to reimburse plaintiff from the rents to be collected by the association for the benefit of the first mortgage, and to pay the taxes from any balance remaining from said rents; that defendant association agreed to said proposed arrangement and, on July 2, 1930, paid plaintiff company $600, being the past due interest on the first mortgage, and caused the mortgaged premises to be conveyed to said Amelia S. Longo on July 15, 1930, for benefit of plaintiff company, and in accordance with the above understanding and agreement; that thereafter defendant association collected and received rents from July 27, 1930 to March 23, 1931, in the sum of $933, and paid first mortgage interest in the sum of $1,200, fire insurance premium $140, recording deed,

$3.25, a total of $1,343.25; that the defendant association never received any benefits by the conveyance of the said premises, but all the benefits inured to plaintiff; that the rents received being insufficient to pay the interest on the first mortgage and taxes, and defendant association being unwilling to advance further moneys for the purpose, plaintiff caused foreclosure proceedings to be instituted on its mortgage for the purpose of discharging liens; that the said Amelia S. Longo held title as a straw party for plaintiff company which received all the benefits derived from said premises during the period the title was so held.

At the trial of said case before the court without a jury, it appeared that some time in July, 1930, an agreement in writing was executed between plaintiff company and defendant association, providing for the premises to be conveyed to the nominee of defendant association, for the Katchers to assign to the association all leases for said premises, to collect all rents and to pay to the association of all rents received not less than $200 per month; that out of said $200 so received, when funds are in hand, it shall pay the taxes and first mortgage interest, and apply any remaining to the debt owing by said Katchers to the association; in the event said Katchers failed to pay said $200 per month, they were privileged to treat the property as their own, in its sale, rental or other disposition thereof; that so long as the Katchers carry out the terms of said agreement they shall have the right to obtain a purchaser, but not at a lower price than will reimburse the association for the amount due it; that nothing in the agreement should in any way effect the right of the association to collect the amount of its debt, interest and costs, nor affect the lien of its mortgage.

The facts as to the collection of rents and disbursements, made pursuant to the agreement, were established at the trial, and there was no dispute in relation thereto. At the conclusion of plaintiff's testimony, a

compulsory non-suit was entered which the court subsequently refused to take off, in an opinion by BLUETT, J. From that order this appeal was taken.

Appellant contends that the beneficial ownership of the premises for the period during which title was held by Amelia S. Longo, was in defendant. That is the sole question involved.

The agreement was between the real owners and the defendant; the Katchers did not surrender possession, but continued to collect the rents and applied them in accordance with the agreement. Defendant received $933 from the rents collected and paid out $1,343.25, or $410.25 more than it received; all the rents were used by defendant in the payment of interest on plaintiff's mortgage, and there was nothing left for payment of taxes. All the payments made inured to the sole benefit of plaintiff; no rents received by defendant were ever appropriated by defendant to any indebtedness due it, but were applied solely to the superior claims or obligations to which the owners had appropriated them.

Under the circumstances, it can not be said that the defendant was the real or beneficial owner of the premises, out of which any personal liability arose on its part to pay the taxes. The respective liens of both plaintiff and defendant remained, under the agreement, the same afterwards as before. The agreement was intended for the protection of both parties, with the primary benefit to be received by plaintiff.

As held in Integrity Trust Company v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343, 171 A. 283, the right of subrogation, however, arises by operation of, and depends on, equity alone, and will not be enforced where the equities are equal, or the rights not clear, nor to the prejudice of the legal or equitable rights of others. The primary duty to pay taxes assessed against real estate situated in the city of Philadelphia is on the real and actual owner.

Under the agreement the Katchers remained the real and beneficial owners. We see no error in the entry of the non-suit.

The assignments of error are overruled and judgment affirmed.