## Real Estate-Land Title & Trust Company v. Homer Building & Loan Association

*Edward P. Loughran*, for plaintiff.

*B. I. DeYoung*, for defendant.

GORDON, JR., P. J., July 11, 1936.—This is a suit by plaintiff, as mortgagee, to recover from defendant, as real owner, $4,370.77, which plaintiff had been compelled to pay at a foreclosure sale of the mortgaged premises in order to clear the title of the lien of delinquent taxes. Defendant admitted liability for the amount in suit, but set up as a counterclaim, first, the sum of $2,400 in rents collected by plaintiff from the tenant of the mortgaged premises, and, second, a similar amount representing rents which had accrued, and which plaintiff had not collected from the tenant during the time plaintiff was collecting the rents. The basis of the second claim was alleged negligence on the part of plaintiff in failing to collect said rents.

With respect to the first of these defenses, plaintiff attempted to credit them on account of the principal of the mortgage debt, by entering a credit on the judgment after this suit had been commenced. We think the trial judge properly refused to permit such an attempted credit to stand, because, under the authority of Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343, the rights of the parties were fixed by the entry of the judgment (at which time plaintiff retained the rents and gave no credit for them on the judgment). Plaintiff was, therefore, bound as a prudent trustee to apply the rent to the reduction of the overdue taxes. The trial judge did not err, therefore, in allowing this set-off and reducing the amount sued for by the amount of the rents so collected by plaintiff.

With respect to the second defense, defendant was given the opportunity to prove plaintiff's negligence in the collection of the rents, but offered no competent evidence whatsoever to that effect. We think the court's action was proper in excluding the evidence actually offered. It amounted to no more than proof that, before plaintiff took over the property, defendant had successfully collected the rents, and that, after the foreclosure sale, when the title had passed to plaintiff, a new lease was made with the same tenant. Defendant's success in collecting rents had no probative value in an issue involving the alleged negligence of plaintiff at another time, and, similarly, the reletting of the property to the same tenant and the payment of rent by him under the new lease was not competent evidence of plaintiff's negligence at an earlier date.

In addition, the tenant had deposited with defendant $2,500 as security for the rent under the first lease, and defendant still holds that sum. This was sufficient to meet the unpaid rent, and defendant cannot keep the money and also have his set-off in this suit.

For these reasons, we discharged defendant's rule for a new trial and entered judgment on the verdict.