### TRUSTEES OF GENERAL ASSEMBLY OF PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA v. WARD.

No. 19842.

District Court, E. D. Pennsylvania.

March 15, 1938.

Murdoch, Paxson, Kalish & Green, by Harry A. Kalish, of Philadelphia, Pa., for plaintiff.

Joseph E. Gold, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

In this case the facts averred in the plaintiff's statement of claim which are admitted by the affidavit of defense, briefly stated, are as follows:

On December 29, 1924, Herman B. Sheplan and wife executed and delivered to the plaintiff a bond and mortgage for $10,000 secured on 710 West Roosevelt boulevard, Philadelphia. On May 12, 1927, the Northwestern National Bank & Trust Company of Philadelphia, hereinafter called the bank, took title to the mortgaged property.

The bank remained the owner of the mortgaged property until July 8, 1935. On that date the sheriff of Philadelphia county conveyed title to the property to the plaintiff which had purchased it at sheriff's sale on July 1, 1935, for $75. The sheriff's sale was held pursuant to foreclosure proceedings on the mortgage which the plaintiff had instituted in the court of common pleas No. 4 of Philadelphia county. The plaintiff received no part of the purchase price of $75, which the mortgaged property realized at the sheriff's sale, nor was any part of that sum applied to the payment of the taxes hereinafter mentioned, but was absorbed as costs of the sale.

It was stipulated that on March 14, 1933, the bank became insolvent and on that date a conservator was appointed for it by the Comptroller of the Currency. The bank remained in the possession of the original conservator and his successors until June 25, 1934, when the Comptroller of the Currency appointed the defendant, W. B. Ward, as its receiver.

City, school, and poor taxes were assessed against the mortgaged property for the years 1933, 1934, and 1935. At the time of the sheriff's sale above mentioned these taxes, with interest and penalties, were of the following amounts:

| 1933 | | |
|---|---|---|
| City tax | $229.34 | |
| School tax | 121.98 | |
| Poor tax | 4.40 | $355.72 |
| 1934 | | |
| City tax | $208.46 | |
| School tax | 112.67 | |
| Poor tax | 4.40 | $325.53 |
| 1935 | | |
| City tax | $189.98 | |
| School tax | 102.77 | |
| Poor tax | 4.80 | $297.55 |
| | | $978.80 |

These taxes were not paid by the bank or by its conservators or receiver, and on July 31, 1935, the plaintiff paid the said city and school taxes, and on August 13, 1935, the said poor taxes, in order to remove the lien of said taxes against the property.

The plaintiff brought the present suit on March 15, 1937, to recover as a general

creditor of the bank the taxes so paid for the year 1933, and as a creditor of the receiver the taxes so paid for the years 1934 and 1935. The defendant first filed an affidavit of defense raising the question of law whether the plaintiff had stated a cause of action. In an opinion filed September 27, 1937, this court decided the question of law against the defendant and granted him leave to file a supplemental affidavit of defense to the merits. Such an affidavit has now been filed. It admits the facts above recited and again raises certain questions of law which the defendant contends bar recovery by the plaintiff. These we will discuss in the order raised.

The first is that a national bank cannot be held personally liable for taxes assessed against its real estate by the state or a municipal subdivision of it. This question was fully considered by us in Land Title Bank & Trust Co. v. Ward, 20 F. Supp. 810, and it was there decided against the position here contended for by the defendant. For the reasons set forth in our opinion in that case, we hold that the bank was personally liable for the taxes upon its real estate, and that plaintiff by its payment of the delinquent taxes was subrogated to the rights of the taxing authorities to enforce that personal liability.

The defendant's second ground of defense is that the plaintiff's claim is barred by its laches and by its failure to present it within the time required by section 5235, Rev.St., 12 U.S.C. § 193, 12 U.S.C.A. § 193. We think it clear, however, that the plaintiff was entitled to the full period of six years fixed by the statute of limitations within which to bring its action. Fidelity-Philadelphia Trust Co. v. Bergson, 328 Pa. 545; 196 A. 28, decided by the Supreme Court of Pennsylvania January 3, 1938; Schulenberg v. Norton, 8 Cir., 49 F.2d 578; Queenan v. Mays, 10 Cir., 90 F.2d 525. As was pointed out in the case last cited, section 5235, Rev.St., simply directs the Comptroller to notify creditors, by advertising for three months, to present their claims. It does not fix the time within which claims may be presented. It, therefore, cannot bar recovery by the plaintiff in the present suit. It follows that the plaintiff is entitled to judgment as a general creditor of the bank for $355.72, the amount of taxes paid for the year 1933.

The taxes for the years 1934 and 1935 accrued after the insolvency of the bank and while it was in the possession first of conservators and afterward of a receiver. As to these taxes the defendant urges as a final ground of defense that they are not general claims against the bank and that they may not be allowed as administration expenses of the receivership. The first point is conceded. As to the second, however, it is sufficient to say that it has been ruled that taxes payable upon the real estate of a corporation in receivership are a proper part of the expenses of administering the trust, Hammond v. Carthage Sulphite Pulp & Paper Co., 2 Cir., 8 F.2d 35; MacGregor v. Johnson-Cowdin-Emmerich, Inc., 2 Cir., 39 F.2d 574, and that this rule applies to the receivership of a national bank. Hardee v. American Security & Trust Co., 64 App.D.C. 259, 77 F.2d 382. We, therefore, conclude that the plaintiff is entitled to judgment as a creditor of the receiver for the sum of $623.08, being the amount of taxes paid for 1934 and 1935.

The rule for judgment for want of a sufficient affidavit of defense is made absolute. Judgment may be entered in favor of the plaintiff for the sum of $355.72, with interest on $351.32 thereof from July 31, 1935, and on $4.40 thereof from August 13, 1935, as a general claim against the bank, and for the sum of $623.08, with interest on $613.88 thereof from July 31, 1935, and on $9.20 thereof from August 13, 1935, as an administration expense of the receiver.