## In re Glenside Bank & Trust Company

706

*H. Norman Ball*, for accountant.

*Therman P. Britt*, for exceptant.

KNIGHT, P. J., July 1, 1938.—Exceptants claim as a preference the sum of $3,065.27, with interest, from the funds to be distributed by this account. The receiver admits the claim as a general claim, but avers that exceptants are not entitled to a preference. From the very complete and detailed stipulation of counsel, the following essential facts are gleaned:

The Glenside Bank & Trust Company in 1929, took title in its corporate capacity to premises known as 19, 21, and 23 South Second Street, in the City of Philadelphia. The title remained in the said Glenside Bank & Trust Company from December 2, 1929, to June 4, 1934, when the property was sold at sheriff's sale, and was purchased by exceptants.

When the Glenside Bank & Trust Company took title to the said premises, it was subject to a certain ground rent in the principal sum of $37,500. This ground rent remained upon the said property until it was finally sued

out by the holders thereof, and title obtained by them in 1934, as above stated.

The Secretary of Banking took possession of the Glenside Bank & Trust Company, on October 3, 1931, and on May 1, 1932, exceptants as owners of the ground rent attached the rents accruing from said property, and collected, up to June 4, 1934, the sum of $4,363.43. This sum is accounted for in the stipulation, as follows:

"Maintenance costs and repairs...........$1,160.26
Taxes for 1929, paid 12-31-32.............. 1,574.36
In addition to the above charges, credit is
    claimed on account of interest on the ground
    rent foreclosure judgment accruing from
    the date of the assessment of that judgment,
    to wit, April 3, 1934, until the date of the
    foreclosure sale, namely, June 4, 1934.... 470.24

                                            $3,204.86
Rents collected ........................$4,363.43
Expenditures ........................ 3,204.86

Leaving a rental balance of..............$1,158.57"

Exceptants were required to pay the taxes on the said real estate for the years 1932, 1933, and 1934, amounting to $3,223.84, from which amount there is deducted as a credit the balance shown on the rent account of $1,-158.57, leaving a balance of $2,065.27, for which exceptants ask a preferential status as to the funds to be distributed in this account.

All of said taxes accrued subsequent to the date on which the Secretary of Banking took possession of the Glenside Bank & Trust Company.

As we see it, exceptants base their claim for preference upon two propositions:

First: That the Glenside Bank & Trust Company, being the registered owner of the said premises, on the first day of January of the years 1932, 1933, and 1934,

the receiver of the institution is liable for the taxes for those years.

Second: That said taxes constitute an administration expense, and are thus entitled to a preference.

There seems to be little doubt about the first proposition. It has become well settled in Pennsylvania that the registered or record owner of real estate is liable for taxes accruing during such ownership to a mortgagee who has foreclosed the premises and been compelled to pay the taxes thereon: Pennsylvania Co., etc., Trustee, v. Bergson, 307 Pa. 44; Fidelity - Philadelphia Trust Co., Trustee, v. Land Title Bank & Trust Co., 326 Pa. 262; Fidelity-Philadelphia Trust Co., Trustee, v. Bergson (No. 1), 328 Pa. 545. See also Glenside Bank & Trust Co., 51 Montg. 171.

This same doctrine has been applied to ground rents as well as mortgages: Frank v. McCrossin, 33 Pa. Superior Ct. 93; Frank v. Neill, 44 Pa. Superior Ct. 468.

The date on which taxes accrue and become due in the City of Philadelphia appears to be January 1st: City of Phila. v. Pennsylvania Institution for the Instruction of the Blind, 28 Pa. Superior Ct. 421; Shaw v. Quinn, 12 S. & R. 299; Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343.

The receiver of the Glenside Bank & Trust Company held title to the premises on the first days of January, 1932, 1933, and 1934, and hence became liable for the taxes accruing during those years. At the argument, it was contended by counsel for the receiver that the taxes for the year 1934 should be apportioned, because exceptants received the title to the premises on June 4th of that year. It was also contended that if the taxes were not apportioned, exceptants should account for the rents collected after they took possession in 1934, in order that it might be ascertained if the taxes for the year could not have been paid from the income of the property. While this seems to be a reasonable contention, the law as it now stands apparently is against it. In Robinson

v. Home Life Insurance Company of America, 322 Pa. 284, it was held that a terre-tenant, who instituted suit against a mortgagee for rents collected during the period in which the mortgagee was in possession of the premises, was limited in his recovery to rentals collected from the time the mortgagee went into possession up to the time of the acknowledgment and recording of the sheriff's deed.

It seems to be well settled that in such a situation all rentals received from real estate, after the date of the acknowledgment of the sheriff's deed, are the individual property of the mortgagee: Integrity Trust Co. v. St. Rita B. & L. Assn., supra; Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 352. In the latter case, the court says:

"(1) The rents, which accrued after the delivery of the sheriff's deed under foreclosure on March 9, 1931, were the individual property of the plaintiff and of no concern to the defendant. The latter cannot ask that rents due and payable during the period that plaintiff was the real and registered owner should be applied to the payment of taxes for which the defendant was personally liable, to the relief of the defendant."

It would therefore seem that there can be no apportionment of the taxes as between exceptants and the receiver: The Republic B. & L. Assn. v. Webb, 12 Pa. Superior Ct. 545; Theobald v. Sylvester, 27 Pa. Superior Ct. 362: Wood v. United States National B. & L. Assn., 100 Pa. Superior Ct. 235.

We are therefore of the opinion that the receiver is liable for the taxes levied for the years 1932, 1933, and 1934, a fact, it seems, admitted in the account filed. The question now remains whether exceptants are entitled to preferential treatment out of the amount shown for distribution in the present account.

Exceptants base their claim for preference on the ground that these taxes are properly an administrative

expense, and therefore entitled to a preference, under The Banking Act of June 15, 1923, P. L. 809, sec. 49.

The theory under which a mortgagee is permitted to recover delinquent taxes which he has been compelled to pay, from the registered owner, is that of subrogation. The mortgagee is subrogated to the rights of the taxing authorities, and can collect where the tax collector could collect. As taxes are usually a preferred claim, it may well be that exceptants are entitled to a preference, irrespective of whether these taxes constitute an administrative cost.

In the present case, the Secretary of Banking held title to the premises in question from October 3, 1931, until June 4, 1934. During all that time he could have, by exercising the right given to him under The Banking Act, supra, abandoned the property in question. Having chosen to retain it, he must accept it with the burdens that the ownership thereof entails; we therefore conclude, in line with former decisions of this court and others, that the taxes accruing from 1932, 1933, and 1934, were an administrative expense, and the claim therefor should be given a preference out of the funds distributed by this account. See In re Glenside Bank & Trust Co., supra, and cases therein referred to. See also Gehr et al. v. Mont Alto Iron Co. et al., 174 Pa. 430, Hammond et al. v. Carthage Sulphite Pulp & Paper Co., 8 F. (2d) 35, and MacGregor v. Johnson-Cowdin-Emmerich, Inc., 39 F. (2d) 574.

We have yet to consider the amount of the claim to be allowed as a preference, and whether interest should be allowed thereon. It will be noted that exceptants collected in gross rentals the sum of $4,363.43, from May 1, 1932, to June 4, 1934. From this amount they have deducted, first, maintenance costs and repairs, $1,160.26. No exception or objection seems to be made by the receiver as to this amount, or the propriety of deducting the same from the total to be accounted for.

The next item is a matter of taxes for the year 1929, amounting to $1,574.36. It will be noted that the Glenside Bank & Trust Company was not the registered owner of the property on January 1, 1929, at which time the taxes for the year 1929 accrued and became payable; therefore, there is no corporate liability on the part of the trust company or the receiver for these taxes.

The question then arises, as to whether exceptants have a right to deduct the 1929 taxes from the rents collected. In the case of Integrity Trust Co. v. St. Rita B. & L. Assn., supra, the court held that a mortgagee in possession must apply the rentals as would any provident owner, and a provident owner would apply the fund to a superior claim.

As the taxes for 1929 were a superior claim, and one upon which penalties and interest would accrue, we are of the opinion that exceptants were justified in paying the 1929 taxes and crediting the amount thereof against the rentals received.

We have yet to consider the claim of $470.24, representing interest on the ground rent foreclosure judgment, accrued from the date of the assessment of that judgment, April 3, 1934, until the date of the foreclosure sale, June 4, 1934.

We do not consider this as an administration cost and entitled to a preference, even if interest were allowed.

In 33 C. J. 244, sec. 152, it is stated:

"Interest being allowed on the ground that the debtor is in default and has used the creditor's money, it is never given where payment of the debt has been prevented by the order of a court of competent jurisdiction or by the interposition of the law."

The general rule as declared by the Supreme Court of the United States in Thomas v. Western Car Co., 149 U. S. 95, 116, is that:

" . . . after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds.

The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate."

We are, therefore, of the opinion, that the interest claimed on the foreclosure judgment is not a proper credit. The cases cited by exceptants, indicating that such interest should be allowed, are all cases involving solvent institutions or individuals.

We therefore fix the preferred claim of the exceptants as follows:

Taxes for the years 1932, 1933, and 1934.....$3,223.84
Less credit for rents collected.............. 1,628.81

Balance ...............................$1,595.03

which is allowed as a preferred claim against the assets of the Glenside Bank & Trust Company, distributed by the fourth and partial account.

And now, July 1, 1938, the exception is sustained, and exceptants are allowed a preference in the sum of $1,595.03, out of the assets of the Glenside Bank & Trust Company, distributed under the fourth and partial account of the Secretary of Banking, as receiver.