**STEPHENS et al. v. REED.**

No. 7579.

Circuit Court of Appeals, Third Circuit.

June 30, 1941.

Harry Cohen, of Philadelphia, Pa. (A. L. Sporkin, of Philadelphia, Pa., on the brief) for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

This is an appeal from a judgment for the plaintiffs entered by the court below on the pleadings in a suit which the plaintiffs, as mortgagees, instituted to recover the amount of taxes paid by them on the mortgaged property whereof the defendant was the record and registered title owner at the time the tax liability accrued.

On July 22, 1931, one Wilson executed a mortgage to the Fidelity-Philadelphia Trust Company, covering certain real estate located in the City of Philadelphia, to secure a debt of Wilson to the Trust Company in the sum of $60,000. On January 1, 1932, Wilson conveyed the property, subject to the mortgage, to one Fehling, who, by deed dated May 9, 1932, and recorded May 14, 1932, conveyed the mortgaged premises to one Herran as nominee of the Sixth National Bank of Philadelphia. The Sixth National Bank became insolvent on February 28, 1933, and a conservator was appointed for it, to whom Herran conveyed the mortgaged property. Later, the conservator was superseded by a receiver, of whom the defendant, Reed, is the present successor.

From May 9, 1932, the date of Fehling's conveyance to Herran, the bank or its receivers received all rents from the mortgaged property. On January 7, 1937, the Orphans' Court of Philadelphia County awarded and distributed the ownership of the mortgage to the present plaintiffs in undivided interests. Default under the mortgage having occurred, the plaintiffs took possession of the premises as of January 1, 1937, and since then have received all rents. In order to avoid foreclosure by the City of Philadelphia on tax liens, the plaintiffs on March 17, 1937 paid $1,000 on account of taxes for the year 1934. Foreclosure of the mortgage was instituted by the plaintiffs in 1938. At the sale on February 6, 1939, resulting from the foreclosure proceeding, the plaintiffs bought in the property for a bid of $10,625, which covered the unpaid taxes and water rents due the City of Philadelphia and the costs of foreclosure, all being items having priority over the mortgage lien. Allowable discounts for payment of the taxes and

Samuel E. Kratzok, of Philadelphia, Pa., for appellant.

water rents reduced the amount payable on the bid to $10,437.32, the amount for which the plaintiffs brought the present suit.

■ Among the grounds which the appellant advances for reversal, several have been decided directly against him by this court in cases which, in material features and applicable principles involved, are indistinguishable from the instant case. These particular points may therefore be disposed of with a summary statement of the particular rules respectively applicable. First, the property of a national bank is subject to local taxation the same as other property is taxed. Second, the owner of mortgaged property (including a national bank) is liable personally to the mortgagee for tax arrearages paid by the mortgagee. And third, liability for taxes upon property attends the ownership thereof. Ward v. Fidelity-Philadelphia Trust Co., 3 Cir., 104 F.2d 301; Ward v. Fidelity-Philadelphia Trust Co., 3 Cir., 104 F.2d 1023, affirmed on opinion of lower court, appearing in Land Title Bank & Trust Co. v. Ward, D.C., 20 F.Supp. 810, 811, 812. See Trustees of General Assembly of Presbyterian Church in the U. S. A. v. Ward, D.C.,E.D.Pa., 22 F.Supp. 579, 581. Also McCulloch v. State of Maryland, 4 Wheat. 316, 436, 4 L.Ed. 579; People of New York ex rel. Williams v. Weaver, 100 U.S. 539, 543, '544, 25 L.Ed. 705; Revised Statutes § 5219, subsection 3, 12 U.S.C.A. § 548(3).

The appellant's remaining contentions, which we shall consider seriatim, may be stated as follows:

1. Was it proper for the court below to conclude from the pleadings that the bank was the owner of the property when the bank alleged that, although it was the record and registered owner, it held the title as pledgee?

2. Does the right of mortgagees to reimbursement for tax arrearages survive foreclosure when the amounts collected by the owner, while in possession of the property, were used for maintenance and the payment of some taxes?

3. Are the mortgagees entitled to reimbursement for tax arrearages which accrued after they took possession of the property under the mortgage (but before foreclosure) and collected rents?

4. Was it error for the court below to refuse the defendant leave to amend his pleading in certain particulars?

■ 1. The appellant's first contention is plainly immaterial to the issue here involved. In Pennsylvania, as elsewhere generally, liability for the taxes on real property is incident to the ownership. In addition to this common law liability, it has been held in Pennsylvania that certain statutes of the State, respecting liens and the registration of titles, illustrate the "legislative intent as to whom the municipality should accept as owner for the purpose of collecting taxes." Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee, v. Bergson, 307 Pa. 44, 48, et seq., 159 A. 32, 34. Since, therefore, the bank was admittedly the registered owner of the title for the tax years in question, it was liable for the taxes. Fidelity-Philadelphia Trust Co. v. Land Title Bank & Trust Co., 326 Pa. 262, 264, 192 A. 121. Whatever may have been the relative property rights, inter se, of the bank and its debtor (from whom the bank had derived title by mesne conveyances), in the light of the bank's record and registered title, the extent or nature of its ownership was not open to inquiry in the present suit where tax liability and not property right was the inquiry. Even though the bank had been neither the registered nor recorded owner of the title but was merely the beneficial owner (as it alleges), the answer to the question of liability to the mortgagees for the taxes on the property would be the same. See Fidelity-Philadelphia Trust Co. v. Land Title Bank & Trust Co., supra. It was therefore of no legal avail to the defendant to set forth as a defense to the present action that the bank held title to the property as a pledgee or in any other capacity.

■ 2. The answer to the appellant's second point is that, taxes being a personal obligation of a property owner, a mortgagee who pays the taxes is entitled to be subrogated to the position of the taxing authority in order to obtain reimbursement for what he has thus paid in discharge of the owner's liability. In DeHaven v. Roscon B. & L. Ass'n, 107 Pa.Super. 459, page 460, 164 A. 69, it was said: "A mortgagee who pays taxes, which by law are given priority over his mortgage, is not a mere volunteer * * * for * * * 'When the mortgagor is in possession, and neglects to pay taxes which are a lien on the land, the mortgagee may pay them not only in reliance on the personal liability of the owner, but in reliance that the land is

liable, and the lien will be deemed as transferred by the State to him in favor of the mortgage-debt.' "

■ The appellant cannot escape liability by asserting that, although the bank was the record and registered owner, the property did not produce sufficient income to discharge the liability for taxes thereon. The bank's admission of its beneficial, as distinguished from the real, ownership is, as we have already seen, immaterial to the present inquiry.

■ 3. The appellant sought to reduce the plaintiffs' claim by excluding therefrom the amount of the taxes which accrued while the mortgagees were in possession of the property following default under the mortgage but prior to foreclosure. For this proposition the appellant cites no pertinent authority, and our own research has failed to disclose any. But, it has been held in Pennsylvania that, upon default under a mortgage, the mortgagee may take possession of the mortgaged property and collect the rents in order to protect the security afforded by the property and to realize something on account of the liability for which the mortgage is security. Thereby, the mortgagee does not become the owner of the property any more than he was before the default and entry into possession. In a sense, a mortgagee who enters into possession as a result of a default stands in the position of a constructive trustee, having a duty to account. Integrity Trust Co. v. St. Rita B. & L. Ass'n, 112 Pa.Super. 343, 348, et seq., 171 A. 283, affirmed by the Supreme Court of Pennsylvania in 317 Pa. 518, 177 A. 5, on the opinion of the Superior Court. See also Gribbel v. Brown, 202 Pa. 10, 15, 51 A. 587, which makes plain that a mortgagee in possession continues to be a mortgagee. In the instant case, the mortgagees have accounted for their receipts from the property while in possession; and it does not appear by the account, nor is it alleged by the appellant, that, after allowing for maintenance charges and other necessary costs and allocations to interest charges, the plaintiffs received any sums which could or should have been used to pay taxes. See Integrity Trust Co. v. St. Rita B. & L. Ass'n, supra, 112 Pa.Super. at page 349, 171 A. 283.

■ 4. The defendant charges the court below with error in denying him leave to amend his answer in several particulars and cites Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which permits amendment freely within certain limitations. Rule 15 does not, however, authorize amendment, out of time, as a matter of course. The right then to amend depends on "leave of court or * * * written consent of the adverse party * * *." Not having the plaintiffs' consent to the proposed amendments, the defendant was under the duty to, and did, apply for the court's leave, which was refused. The question therefore is whether the court below, in such regard, abused its discretion. This calls for our consideration of the merits of the amendments offered.

The effect, and presumably the purpose, of certain of the amendments offered would be to enable the defendant to convert a deed absolute on its face into one with a defeasance. Such action, if permitted, would be in direct contravention of applicable local law (Pennsylvania Act of June 8, 1881, P.L. 84 § 1, 21 P.S. § 951) as well as in denial of that assurance and reliability which instruments properly of record are intended to afford. Unquestionably, the taxing authorities were entitled to rely upon the state of the record title and its registration in ascertaining the person liable for the tax on the property. Pennsylvania Company, etc., v. Bergson, supra; Meyers v. Rental Income Corp., 101 Pa. Super. 438, 440, 441. By the same token, the mortgagees, under their right to subrogation, were entitled to so rely for they were under no greater duty (because of their right to subrogation) to inquire into the intent or secret rights of the bank and its privies than was any interested municipality or political subdivision. The court's refusal of these amendments was therefore not an abuse of discretion. There can be no abuse when what is refused would avail the offeror nothing if allowed. See Wilson v. Lamberton et al., 3 Cir., 102 F.2d 506, 507.

■ The same may be said for the defendant's offer to amend so as to show why the title which Herran held for the bank as its nominee had been conveyed directly to the bank's conservator. Here again, what may lie behind the bank's record title is irrelevant as a defense to the claim of the plaintiffs. The defendant does not allege that the plaintiffs were aware of more, respecting the bank's ownership, than what the public records disclosed.

The defendant's final offer to amend embraced an accounting for the rents which he received from the mortgaged property while in possession. If this could possibly have any materiality to the issue, we are unable to perceive it. At most, the amendment added nothing to the defendant's original allegation that the rentals which he received had been used for maintenance and the payment of some taxes. The immateriality of that allegation we have already considered and passed upon under point 2 above. The amendments were properly refused.

The judgment of the District Court is affirmed.