Securities Guaranty Corporation v. Pacheto Company, Inc., Appellant.

Argued October 13, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Samuel E. Kratzok,* for appellant.

*A. J. Nydick,* and with him *M. Jacob Markmann,* for appellee.

OPINION BY KELLER, J., March 3, 1934:

This was an action brought by the plaintiff to recover city and school taxes assessed against premises 5000-5002 Germantown Avenue, Philadelphia, for the year 1932, poor taxes for the years 1930, 1931 and 1932, and water rent for the year 1931, which the plaintiff, as purchaser at sheriff's sale, had been required to pay, and for which it was alleged the defendant, as the owner of the real estate during those years, was personally liable to the city; and, by right of subrogation, to the plaintiff. The case is similar in some respects to the case of Integrity Trust Co., Trustee v. St. Rita Building and Loan Association, 112, Pa. Superior Ct. 343, decided this day; and in some respects is the converse of that case. The court entered judgment for want of a sufficient affidavit of defense and sustained the plaintiff's questions of law to the defendant's set off and counterclaim.

The facts are as follows: On June 20, 1928 one Abraham Leibovitz executed to Paul A. Rinck and

John M. Beidler his bond and mortgage in the sum of $27,000 secured as a first lien on above mentioned real estate. The plaintiff is the assignee of the mortgagee; the defendant is the alienee of the mortgagor, having become the owner of the premises on February 26, 1929. On June 2, 1930 the defendant leased the premises in question to the Great Atlantic & Pacific Tea Co. at the monthly rental of $325. On August 24, 1932 default having occurred under said bond and mortgage plaintiff entered judgment on its bond against Abraham Leibovitz and issued a writ of fieri facias on the real estate above mentioned, (See Keene Home v. Startzell, 235 Pa. 110, 83 A. 584), by virtue of which the above mortgaged premises were sold by the sheriff of Philadelphia County to the plaintiff for the sum of $16,000, and it received a sheriff's deed for the same on October 7, 1932.

Coincident with instituting said foreclosure proceedings, the plaintiff, following a default on said bond and mortgage, notified the Atlantic & Pacific Tea Co. to pay the rent to it, and collected from said tenant $650, the rent due for said premises for the months of September and October 1932 (See Bulger v. Wilderman & Pleet, 101 Pa. Superior Ct. 168).

In arriving at the amount due on the judgment bond accompanying said mortgage the plaintiff gave credit for the rent so received, which it appropriated on account of the interest and principal due on said mortgage. The city and school taxes for the year 1932 amounted to $704.27; the poor taxes for 1930, 1931 and 1932 amounted to $60; and the water rent for 1931 was $13.80. The plaintiff having paid these sums amounting to $778.07, brought this action to recover the same, with interest from September 19, 1932, the date of payment. The defendant claimed that the plaintiff was obliged to credit the rent so received, $650, on the taxes thus paid by it. There is no al-

legation or averment by the defendant of any agreement on the part of the plaintiff that the rent so received by the plaintiff should be applied to the payment of taxes, as was present in Integrity Trust Co. v. St. Rita B. & L. Assn., supra. The liability of the defendant for the taxes paid is admitted. It was the owner of the real estate at the times they were severally assessed and were due. (See Penna. Co. v. Bergson, 307 Pa. 44, 55, 159 A. 32; Theobald v. Sylvester, 27 Pa. Superior Ct. 362, 365). The plaintiff received the rents for only two months, September and October, 1932. Rent for the earlier months of 1932 were received by the defendant. It was the duty of the defendant as a provident owner to pay the taxes, as they fell due and were payable, out of the rents which it received. It failed to do so and has no equity in its favor to compel the plaintiff, who received the rent for only two months prior to the foreclosure, to apply the rents thus received to the taxes, rather than to the interest and principal of the mortgage. The case differs in this respect from the case of Integrity Trust Co., Trustee v. St. Rita B. & L. Assn., supra, where the mortgagee received the rents for the *entire year,* equivalent to the 'entire income' referred to in Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 255, 256, in citing Jones on Mortgages, sec. 713 (7th ed.). It is also the converse of that case in respect to the fact that in the present case the mortgagee actually appropriated the rents received by it to the interest and principal due on the mortgage. See the lower court's opinion: ''The plaintiff applied the rents to the mortgage debt.'' Having thus appropriated it, the money became the plaintiff's own and was no longer held by it as a constructive trustee for the owner, and the mortgage debt was correspondingly reduced. It is not necessary for us to discuss this point in further detail. Reference is made to the

opinion in Integrity Trust Co., Trustee v. St. Rita B. & L. Assn., supra.

Two matters, however, need further consideration:

(1) The claim of the plaintiff is based on the personal liability of the defendant for the taxes due the City of Philadelphia and its right to be subrogated to the city to proceed, by action in assumpsit, against the owner liable for their payment; but there is no personal liability on the part of an owner for *water rents* on premises occupied by his tenant: O'Donnell v. Neely, 66 Pa. Superior Ct. 351; Theobald v. Sylvester, 27 Pa. Superior Ct. 362; Provident Trust Co. Trustee v. Judicial Building and Loan Association et al., 112 Pa. Superior Ct. 352, opinion filed this day. Its rights, as respects the owner, are limited to a municipal claim against the property, a judgment or lien in rem: Act of May 16, 1923, P. L. 207. The judgment will accordingly be modified in the court below by deducting the water rent for 1931 improperly included, $13.80.

(2) This was an appeal from a judgment entered for want of a sufficient affidavit of defense. The printed record should have included the statement of claim and the affidavit of defense. Instead of printing them the parties substituted an agreed statement of facts, claiming to do so under authority of Rule 56 of this court. That rule does not authorize this to be done in a case like the present. It is intended to be restricted to appeals where evidence had been taken, which is to be considered by this court. We prefer to make our own interpretation of the pleadings with respect to both the sufficiency of the plaintiff's statement and the sufficiency of the affidavit of defense. We have accepted the agreed statement as a correct interpretation of the facts averred in the plaintiff's statement and the affidavit of defense in this case,

but we are not to be understood as approving of the practice or establishing a precedent.

The assignments of error are overruled and the judgment as herein modified is affirmed.