## Pennsylvania Company for Insurances on Lives and Granting Annuities v. Verlenden, Appellant, et al.

Argued October 7, 1935.

Before KEL-LER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*George V. Strong,* for appellant.

*Richard W. Thorington,* with him *James B. Lichtenberger,* for appellee.

OPINION BY KELLER, P. J., November 20, 1935:

Plaintiff was the holder of a mortgage on certain real estate in Philadelphia. The mortgage was given by one Farrell on January 26, 1921 for $13,000, but the principal had been reduced by payments to $7,000.

Defendant was the registered owner of the premises

covered by said mortgage from October 3, 1922 to the date of the sheriff's sale hereinafter mentioned.

Because of defaults in the payment of principal and in the production of tax receipts, plaintiff entered into possession of the mortgaged premises on January 10, 1934, and later foreclosed the mortgage. Damages were assessed at $7,413.75. The sheriff's sale under the mortgage was held on June 4, 1934. The property was knocked down to the plaintiff on its bid of $100, and on June 11, 1934 the sheriff's deed was delivered to plaintiff as purchaser.

On June 22, 1934 the plaintiff, as purchaser of the real estate, paid the taxes which had been assessed against the mortgaged premises amounting to $1,218.02, and brought this action in assumpsit against the defendant as registered owner to recover the taxes so paid. The rentals received from the property while in the possession of the plaintiff as holder of the mortgage had been appropriated by it to the payment of fire insurance premiums called for by the mortgage and interest due on the mortgage, credit for the same having been allowed in the assessment of damages aforesaid.

The defendant claiming not to have been the real owner of the said mortgaged premises, but only to have held the same in trust for the First National Bank of Darby, of which he was an officer, had the receiver of the bank brought in by scire facias proceedings as an additional defendant.

Judgment having been entered against the original defendant, for want of a sufficient affidavit of defense, for the amount of plaintiff's claim, he took this appeal to this court.

The case of Penna. Co. v. Bergson, 307 Pa. 44, 159 A. 32, is conclusive of the right of the plaintiff to recover the taxes assessed during the ownership of the registered owner, which were unpaid by him and paid

by the plaintiff after it became the owner of the real estate, even though the registered owner was merely a trustee for the real owner. Appellant concedes this, but claims that the plaintiff's right of recovery against him was lost because it did not proceed to have the fair value of the property sold fixed by the court and a deficiency judgment entered for the balance, under the Act of January 17, 1934, P. L. 243, within the time limited by that act.

We agree with the learned judge of the court below that the Deficiency Judgment Act of 1934 has no bearing or application to this case.

The plaintiff here is not suing upon the mortgage. It is suing as the purchaser of the real estate at sheriff's sale, on foreclosure of its mortgage, who was compelled to pay taxes which were due at the time of the sheriff's sale and for which the city and school district then had a right of action in assumpsit against the defendant as registered owner, to which right it has succeeded by subrogation. As the city and school district had no concern with any deficiency judgment under the mortgage, the plaintiff as purchaser at the sheriff's sale, subrogated to their rights as against the registered owner, is not in this proceeding concerned with the question of a deficiency judgment or the effect of a failure of the mortgagee to take proceedings under the Act of 1934, supra.

The Act of 1934, supra, provides that if the plaintiff in the mortgage foreclosure shall not within six months after the sheriff's sale present his petition to the court to fix the fair value of the property sold, the defendant, the real owner, the mortgagor or any party in interest can under the provisions of that act have the judgment on the scire facias, or on the bond accompanying the mortgage, *satisfied,* but that proceeding can have no effect on, or application to, the right of the city and school district to collect, by action in assumpsit, the

taxes due them, respectively, by the defendant, nor the right of the plaintiff as purchaser of the real estate to be subrogated to their rights on payment by it of the taxes due them by this defendant. There are present in this case no equities in favor of the defendant, which will defeat the plaintiff's right to subrogation. The plaintiff had no funds in its hands belonging to the owner of the mortgaged premises when the judgment was obtained in the scire facias sur mortgage or when the sale was held, which in right and good conscience belonged to defendant or the real owner, and were applicable to the taxes. The plaintiff had appropriated the net rents in its hands on account of the interest due it under the mortgage prior to obtaining judgment in the scire facias, just as we approved in Securities Guaranty Corp. v. Pacheto Co., 112 Pa. Superior Ct. 360, 171 A. 291. No such condition existed here as was present in the cases of Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343, 171 A. 283, and Provident Trust Co. v. Judicial B. & L. Assn., 112 Pa. Superior Ct. 352, 171 A. 287. The equities which were present in these cases, and defeated the right of subrogation, are wholly wanting here.

The Deficiency Judgment Act of July 1, 1935, P. L. 503 is not involved, as it did not become effective until July 1, 1935.

The judgment entered against this appellant for want of a sufficient affidavit of defense is affirmed.