Robinson *v.* Home Life Insurance Company of America, Appellant.

Argued April 29, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Stanley B. Rice,* with him *Maurice W. Sloan,* of *Sloan & Sloan,* for appellant.

*Harry Fischer,* with him *Bernard A. Illoway,* of *Illoway & Fischer,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 26, 1936:

This is an appeal from the judgment entered by the court below in favor of the plaintiff for a part of her claim as to which the affidavit of defense was deemed to be insufficient.

Plaintiff and her husband became owners by entireties, on December 31, 1930, of an apartment building on Venango Street, Philadelphia. At that time there was a mortgage of $125,000 on the property. Samuel Elgart was the mortgagor and the appellant insurance company was the mortgagee. The property was purchased sub-

ject to the mortgage. There was no personal liability assumed by the plaintiff. In November, 1934, the husband died, leaving plaintiff as the sole owner of the property. At the time of her husband's death, the balance due on the mortgage debt was $117,000.

In February, 1935, the mortgage was declared to be in default and the mortgagee took possession and proceeded to collect the rents from the property. On September 7, 1935, the mortgagee entered judgment on the bond and on the same day damages were assessed in the sum of $123,142.50. The mortgagee bought the property at sheriff's sale. It received and recorded the sheriff's deed for it on October 25, 1935.

During the period intervening February, 1935, when the defendant took possession of the property, and October 25, 1935, the mortgagee collected $11,122.36, in excess of maintenance charges. Against this sum the mortgagee charged $3,833.95 on October 17, 1935, for taxes and water rents, and the sum of $3,510 for interest on the mortgage.

Plaintiff averred that the mortgagee was accountable to her for all sums received after the mortgagee's seizure of rents from the property, that the monthly payments of interest down to and including the 22d of October, 1935, at the rate of $585 per month, amounted to $4,680 less $292.50 included in its assessment of damages, or a total of $4,387.50, that in addition thereto under the terms of its agreement with her husband and herself, the mortgagee was entitled to set aside monthly payments of one-twelfth of the taxes and water rents which amounted to $325.11 per month or a total of $2,600.88, to be added to the above sum of $4,387.50, making a grand total of $6,988.38. Plaintiff claimed that the difference between the amount defendant (mortgagee) received during that period and the permissible set-off of $6,988.38, was a net balance of $4,133.98.

The affidavit of defense avers that up to September 7, 1935, the day on which damages were assessed, rents had

been received by defendant amounting to $7,453.97. From that time until it received the sheriff's deed on October 5, 1935, it collected $2,457.22 additional as rent. On November 6, 1935, which was after the appellant became the absolute owner, $1,211.17 was collected as rent. The court below allowed that item of rent also to the appellee, in addition to the other items above enumerated. From this grand total of $11,122.36, the court deducted the following items:

|  |  |  |
|---|---:|---:|
|  | | "$11,122.36 |
| "Interest on mortgage due to the defendant for six months not claimed in the assessment of damages in the foreclosure proceedings and therefore appropriated by the defendant ........................... | $3,510.00 | |
| "Taxes and water rent for 1935 as claimed by defendant in counterclaim ............ | 3,833.95 | |
| "Interest due the defendant from 9/6/35, the date of the entry of judgment in the foreclosure proceedings to 10/25/35, the date of sheriff's deed to defendant ........... | 591.25 | |
| "Further credit for rents included in the above total which it is agreed by counsel were collected after October 25, 1935 ..... | 114.00 | |
|  | | 8,049.20 |
| "Balance ................................. | | $3,073.16" |

The court then entered judgment for the plaintiff for the balance of $3,073.16. Defendant appealed.

In the above sum total of rents collected, to wit, $11,-122.36, there is included the sum of $1,211.17, which was collected, according to the affidavit of defense, on November 6, 1935, for October rent. Plaintiff's statement avers this was collected "in October." Appellant became sole owner of this property on October 25, 1935. It is therefore obvious that all of the October rent does not belong to the appellee. As to that, evidence will doubtless be developed at the trial showing which party the rent for October belongs to or whether it should be ap-

portioned between the parties. In the lower court's opinion, the defendant is allowed a credit for $114 rents which, the court said, "it is agreed by counsel were collected after October 25, 1935." Whether this sum of $114 is included in the above sum of $1,211.17, which defendant says was collected on November 6, 1935, does not appear. We will assume that they are two distinct items. If it appears at the trial that the larger item includes the smaller, any correction called for by that fact can be made. We will affirm the judgment entered by the court below, in favor of the plaintiff, modifying it, however, by reducing it by $1,211.17, the amount which the affidavit of defense says was collected on November 6th, for October rent. This reduces the judgment to $1,861.99.

The legal question involved in this case is settled by the decision in *Integrity Trust Co. v. St. Rita B. & L. Assn.*, 112 Pa. Superior Ct. 343, 171 A. 283. This was affirmed by this court in a per curiam opinion, 317 Pa. 518, 177 A. 5, on the opinion of Judge KELLER of the Superior Court. In that case, as in the case of *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 352, 171 A. 287, in which the opinion was also written by Judge KELLER, it was decided that with the foreclosure of a mortgage a terre-tenant's liability, as respects the mortgage debt itself, is ended, and any money remaining in the mortgagee's hands out of the net rents, which has not been appropriated on account of the mortgage, is the property of the terre-tenant. The mortgagee cannot, after the mortgage is foreclosed, apply the money of a terre-tenant to the deficiency on the bond due by the mortgagor.

Subject to the modification above pointed out, which reduces the judgment in favor of the plaintiff to $1,-861.99, the judgment is affirmed.