## Becker et ux. v. Roth

*Wilbur R. Seabrook*, for plaintiffs.
*Gunnison, Fish, Gifford & Chapin*, for defendant.

KITTS, J., May 12, 1936.—This case comes before us on a stipulation entered into between counsel for plaintiffs and defendant to try the issue before the court without a jury, as provided for by the Act of April 22, 1874, P. L. 109, and the amendment thereto of July 10, 1935, P. L. 640. The parties have also agreed upon a statement of facts, and therefore, according to this agreed statement of facts, the court makes the following

### Findings of fact

1. Plaintiffs are residents of the City of Erie, County of Erie, and State of Pennsylvania.

2. Defendant is a resident of the City of Erie, County of Erie, and State of Pennsylvania.

3. On August 21, 1914, Ray W. Britton and Archie K. Britton were the owners of all that certain piece or parcel of land situate in the City of Erie, County of Erie, and State of Pennsylvania, bounded and described as follows:

"Beginning at the intersection of the south line of Tenth Street with the east line of East Avenue; thence southwardly along the east line of East Avenue eighty-eight feet, nine inches (88'9"); thence eastwardly parallel with Tenth Street seventy-eight and thirty-six one-hundredths (78.36) feet; thence northwardly parallel with East Avenue eighty-eight feet nine inches (88'9") to the south line of Tenth Street; thence westwardly along the south line of Tenth Street seventy-eight and thirty-six one-hundredths (78.36) feet to the place of beginning."

4. On February 24, 1915, John Roth, the above-named defendant, purchased from Ray W. Britton and Freda Britton, his wife, and Archie K. Britton, single, the above-described property, as will more fully appear by reference to a deed recorded in deed book 209, page 705.

5. On August 21, 1914, Ray W. Britton and Archie K. Britton executed and delivered to Sabina L. Bannister a certain mortgage and its accompanying bond in the sum of $2,400 upon the above-described property, which mortgage was duly recorded in the office of the Recorder of Deeds of Erie County, Pa., in mortgage book 89, page 343, and, by various assignments and transfers, did, on December 31, 1926, become the property of Charles A. Becker and Marie E. Becker, his wife.

6. On April 6, 1932, Charles A. Becker and Marie E. Becker, his wife, above-named plaintiffs, entered the bond which accompanied the mortgage hereinbefore referred to in judgment in the Court of Common Pleas of Erie County to no. 1212, February term, 1932, upon

which said judgment an execution fi. fa., no. 312, May term, 1932, was issued.

7. On May 6, 1932, the Sheriff of Erie County sold the above-described property to Charles A. and Marie E. Becker, his wife, plaintiffs in this case, for the sum of $550, which amount was produced at said sale by competitive bidding, and which amount exceeded the actual costs and taxes by the sum of $37.88, the said total costs and taxes being $512.12; that said bid price was paid to the sheriff out of funds paid by Britton, and was disbursed by the sheriff in payment of costs and unpaid taxes amounting to $424.12, and that receipts for said taxes were attached to the sheriff's return and are now on file in the prothonotary's office of Erie County.

8. The total amount which plaintiffs were entitled to recover by reason of the judgment entered on the bond accompanying the above-described mortgage owned by plaintiffs was $3,141.20, which, after deducting $550, the price for which the real estate sold upon foreclosure sale by the sheriff, left a balance of $2,591.20. An itemized statement of the plaintiffs' claim, showing the debt, interest, costs, taxes, etc., and a credit for the amount of the bid price at said sale, was exhibited.

9. In order to collect the difference between the price for which the real estate was sold and the balance of plaintiffs' claim, $2,591.20, plaintiffs issued an execution against Ray W. Britton, defendant, in a judgment entered to no. 321, May term, 1932, after which Ray W. Britton paid to the Sheriff of Erie County, on May 10, 1932, for the benefit of plaintiffs, said sum of $2,591.20.

### Discussion

In view of all these facts, Charles A. Becker and Marie E. Becker, his wife, on September 27, 1933, to no. 70, November term, 1933, brought suit in assumpsit against John Roth, the registered or real owner of the property, to collect the said sum of $424.12, alleging in their state-

ment of claim that said Roth is liable for this amount notwithstanding the payments set forth above.

It is urged by plaintiffs that the cases of Pennsylvania Co., etc., v. Bergson, 307 Pa. 44; Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343; Securities Guaranty Corp. v. Pacheto Co., Inc., 112 Pa. Superior Ct. 360, and Marsh v. Baldwin et al., 15 Erie 444, rule directly upon the law applicable to the case at bar. While all of these cases hold that a mortgagee who has paid back taxes to protect a title acquired through a sheriff's sale may recover the amount paid from the record owner of the property, they do not go to the extent of holding that where, as in the case at bar, a plaintiff mortgagee has foreclosed upon his mortgage or entered judgment on the bond accompanying the mortgage and issued execution against the real estate, and at the sale of the property has recovered from the mortgagor a satisfaction in full of his claim against the mortgagor as represented by his mortgage and bond, the mortgagee can then proceed against the owner of the property to recover taxes which were included in the amount of the judgment against the mortgagor and which accrued during defendant's ownership. In none of the cases above referred to, at the time of sheriff's sale, was there effected a complete satisfaction of the debt, but in Securities Guaranty Corp. v. Pacheto Co., supra, and Marsh v. Baldwin et al., supra, while there were bids at the sheriff's sale to a partial amount of the debt, interest, costs and taxes, the bids in each case were not sufficient to satisfy these items.

In the case at bar, the statement agreed upon by the parties as a correct statement of the various amounts involved shows us that the total debt which plaintiff was entitled to recover was $3,141.20; further, that at the sale of the property by the sheriff under competitive bidding the real estate sold for $550, and that this amount exceeded the actual costs and taxes in the sum of $37.88; that the balance of the debt, viz., $2,591.20, was paid by

defendant Britton, and that the full debt, which included principal, interest, costs and taxes, was paid to plaintiff Becker by defendant Britton. This being true, plaintiff Becker and his wife had no further claim against defendant Britton in the foreclosure proceeding. It follows that, if they received a satisfaction of the item of taxes of $424.12 from Britton, they cannot now again recover the same amount from defendant Roth in these proceedings. We cannot see that it alters the situation any whether plaintiff Becker and his wife paid the bid price of $550 to the sheriff in cash and then received back the amount to which they were entitled, or whether the balance due on the judgment of $2,591.20 was paid direct to the sheriff, and costs and taxes deducted therefrom, and distribution made to plaintiffs or their attorney. In any event, plaintiffs received the property at their own bid price of $550 and received from defendant Britton the balance of their claim, which included the item of taxes, in cash. Having once recovered from Britton the item of $424.12, taxes, to allow plaintiffs now to recover from defendant the same amount again would be to allow a double recovery. As we view the case, plaintiffs' only rights are those given them by the mortgage and its accompanying bond, and plaintiffs, having received a complete satisfaction from the mortgagor of the obligation created by the mortgage and its accompanying bond, are now barred from any further recovery for taxes from the registered owner of the property.

### Conclusions of law

1. The entire debt, $3,141.20, being principal, interest, costs and taxes, was satisfied by the amount realized from the sheriff's sale, $550, and the payment to plaintiffs of $2,591.20 by Ray W. Britton.

2. Plaintiffs cannot recover the item of $424.12, taxes, from defendant Roth.

3. Judgment should be entered in favor of defendant, John Roth.

*Order*

And now, to wit, May 12, 1936, notice of the above conclusions is directed to be given by the prothonotary to the parties or their attorneys and that judgment will be entered accordingly, which the prothonotary is hereby directed to enter unless exceptions are filed within 30 days.

From Burton R. Laub, Erie.