## The Pennsylvania Company, etc., v. Brookline B. & L. Assn.

*Harold D. Greenwell*, for plaintiffs.
*Samuel A. Montgomery*, for defendant.

ERVIN, J., November 29, 1941.—This is a suit in assumpsit wherein plaintiffs seek to recover from defendant the sum of $251.69, being taxes paid while plaintiffs were mortgagees in possession of property, the title to which was in defendant. All the facts are set forth in a case stated. Briefly they are as follows:

The mortgagees took possession of the mortgaged premises on February 20, 1939, because of a default in the terms of the mortgage, and collected all rentals from then on until the foreclosure of the mortgage on the property was completed, the sheriff's sale having occurred November 2, 1940, at which sale plaintiffs became the purchasers of the property for a nominal bid, there being no other bidders at the sale. The sheriff's deed was dated November 14, 1940, and was subsequently recorded in the office for the recording of deeds. All rents were deposited by plaintiffs in a special bank or checking account known as "mortgagee in possession rental account", in which the rentals from numerous other properties, in connection with which mortgagee was acting in the same capacity for other estates, were also deposited. An accurate record of the rentals and disbursements incident to the property covered by the mortgage in the instant case (as well as those incident to each of the other properties in connection with which the mortgagee was acting as trustee for other estates) was kept in a rental account on a separate ledger sheet and therein credited to the mortgagee and another person as trustees for the mortgagee. On August 15, 1939, county, township, and school taxes on the mortgaged premises in the amount of $125.85 were paid out of a separate bank or checking account carried in the names of the mortgagees-trustees, notwithstanding the fact that on said date there was an unexpended and unapplied balance in said rental account of $127.70. On July 27, 1940, mortgagees paid the 1940 county, township, and school taxes in the amount of $125.84 in the same manner as had been done in 1939. At that time, to wit, July 27, 1940, there was an unexpended and unapplied balance in said rental account of $156.25. Defendant acquired title to the property on the foreclosure of a mortgage by a sheriff's deed bearing date of May 17, 1932, and remained in title from this time down to the foreclosure of plaintiffs' mortgage above mentioned.

The mortgagees subsequently foreclosed the mortgage and on October 5, 1940, filed an assessment of damages wherein the balance of rents then on hand, to wit, $343.64, was applied on account of principal and interest of said mortgage. After the completion of the foreclosure proceedings, plaintiffs instituted suit against defendant for the collection of $251.69, being the aggregate amount of taxes paid by plaintiffs for the years 1939 and 1940 as aforesaid. Defendant was a terre-tenant and had not signed any bond or mortgage and had not agreed to be responsible for the payment of the principal or interest of plaintiffs' bond or mortgage. Subsequent to the assessment of damages and before sale, plaintiffs received the sum of $57.50 for rent, which sum was also credited on plaintiffs' books to their mortgagee account. It is not clear from the facts set forth in the case stated but it is assumed by the court that what is meant by the language is that this rental of $57.50 was actually appropriated on the books of the mortgagees to the payment of their principal or interest, which at the time were in default.

## Questions involved

The sole questions involved are:

1. May a mortgagee in possession who has collected rents, and who has in hand sufficient rents with which to pay taxes, pay the taxes out of other moneys and then subsequently appropriate the rents to defaulted principal or interest when assessing damages in the foreclosure proceedings?

2. May rents collected between the assessment of damages and the delivery of the sheriff's deed in the foreclosure proceedings be appropriated by mortgagee to defaulted interest or principal due under the mortgage?

## Discussion

I. May a mortgagee in possession who has collected rents, and who has in hand sufficient rents with which

to pay taxes, pay the taxes out of other moneys and then subsequently appropriate the rents to defaulted principal or interest when assessing damages in the foreclosure proceedings?

It is now settled law in this State that a mortgagee, after default, may apply rents on account of mortgage interest, principal, insurance, and repairs to the mortgaged premises, and need not apply the rents in payment of taxes: Philadelphia Mutual B. & L. Assn. v. Bernard Samuel B. & L. Assn., 116 Pa. Superior Ct. 410; Pennsylvania Company for Insurances on Lives and Granting Annuities v. Verlenden et al., 119 Pa. Superior Ct. 398; Securities Guaranty Corp. v. Pacheto Co., Inc., 112 Pa. Superior Ct. 360; Chester County Trust Co.-Mortgage Pool v. Drexel Hill Improvement B. & L. Assn., 29 Del. Co. 178; Girard Trust Co., Trustee, v. Beckman Brothers Co., 18 D. & C. 659.

Of course, where the mortgagee forecloses and has not appropriated the rents to the payment of principal or interest, he may not thereafter make such an appropriation as against a terre-tenant who is not obligated to pay the principal and interest of the mortgage: Bunting v. North Philadelphia Trust Co. et al., 120 Pa. Superior Ct. 419; Real Estate-Land Title & Trust Co. et al. v. Homer B. & L. Assn., 124 Pa. Superior Ct. 17; Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343; Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 352.

In the present case all rents collected down to the time of the assessment of damages in the foreclosure proceedings were actually appropriated to defaulted principal and interest. Defendant admits this but contends that, inasmuch as plaintiffs had sufficient rents in hand to pay the 1939 and 1940 taxes at the time when they were paid, they should have used the rent money to make such payments. We do not believe that a reading of the above cases will sustain defendant's position. Plaintiffs had the right to seize the rents when there

was a default in the performance of the terms of their mortgage. Defendant, when it took its second mortgage, knew that plaintiffs had such a right, they being the holders of a first mortgage. True it is that the terre-tenant has the right to call upon the mortgagee for an accounting of all rents received until the mortgage is foreclosed, or, to put it in other words, until the terre-tenant's equity of redemption has been foreclosed or ended. The right to call for an accounting does not carry with it the right to prevent the mortgagee from appropriating rents to the payment of the interest or principal of his defaulted mortgage. The appellate courts have held that the appropriation may be made down to the time of the assessment of damages: Integrity Trust Co. v. St. Rita B. & L. Assn., supra; Provident Trust Co. v. Judicial B. & L. Assn. et al., supra; Robinson v. Home Life Insurance Company of America, 322 Pa. 284, 288.

In the present case the appropriation was actually made in the assessment of damages and this complied with the law as we understand it.

II. May rents collected between the assessment of damages and the delivery of the sheriff's deed in the foreclosure proceedings be appropriated by mortgagee to defaulted interest or principal due under the mortgage?

Judge Keller in Provident Trust Co. v. Judicial B. & L. Assn. et al., supra, page 357, said: "The judgment on the scire facias is conclusive as to the appropriation of or non-appropriation of the rents to the mortgage debt."

Justice Maxey, in Robinson v. Home Life Insurance Company of America, supra, at page 288, said: "The mortgagee cannot, after the mortgage is foreclosed, apply the money of a terre-tenant to the deficiency on the bond due by the mortgagor."

It is our thought that Judge Keller, by the use of the above language, meant that the judgment on the scire

facias is conclusive as to the appropriation or non-appropriation of rents received on or before that date. It is our thought that Judge Keller did not mean to say that the mortgagee could not actually appropriate rents received between the assessment of damages and the delivery of the sheriff's deed. It would be impossible to appropriate something before it is received. It is our thought that Justice Maxey, when he used the language "The mortgagee cannot, after the mortgage is foreclosed, apply the money of a terre-tenant," etc., meant the complete foreclosure of the mortgage.

When is a mortgage foreclosed? Or, to put the question another way, when is the equity of redemption terminated? Surely it is the equity of redemption feature that gives the terre-tenant the right to call upon the mortgagee for an accounting. After this relationship is terminated the terre-tenant no longer has any rights with reference to rents collected. It, therefore, becomes important to determine when this relationship ceases. The Act of 1705, 1 Sm. L. 57, sec. 6, 21 PS §791, provides for the foreclosure of mortgages. This act provides for the issuance and service of the writ of scire facias and then goes on to provide:

". . . and the definitive judgment therein, as well as all other judgments to be given upon such scire facias, shall be entered, that the plaintiff in the scire facias shall have execution by levari facias, directed to the proper officer; by virtue whereof the said mortgaged premises shall be taken in execution, and exposed to sale in manner aforesaid; and upon sale, conveyed to the buyer or buyers thereof, and the money or price of the same rendered to the mortgagee or creditor; but for want of buyers, [and] to be delivered to the mortgagee or creditor, in manner and form as is herein above directed concerning other lands and hereditaments, to be sold or delivered upon executions for other debts or damages; and when the said lands and hereditaments shall be so sold or delivered as aforesaid, the person or

persons to whom they shall be so sold or delivered, shall and may hold and enjoy the same, with their appurtenances, for such estate or estates as they were sold or delivered, clearly discharged and freed from all equity and benefit of redemption, and all other encumbrances made or suffered by the mortgagers, their heirs or assigns; and such sales shall be available in law, and the respective vendees, mortgagees or creditors, their heirs and assigns, shall hold and enjoy the same, freed and discharged as aforesaid; . . ."

In Hartman v. Ogborn, 54 Pa. 120, 123, the Supreme Court, through Chief Justice Woodward, said:

"The writ must issue against the mortgagor, his heirs, executors or administrators, and its effect, when followed out to a sale, is to extinguish the equity of redemption, and to transfer the estate to the purchaser as fully as it existed in the mortgagor at the date of the mortgage. And this transfer, be it observed, is made by the *judgment* and the *sale* thereon, not by virtue of the mortgage."

It is apparent from the above that a foreclosure is not completed by the entry of judgment upon the scire facias. The foreclosure is only completed when the sale has taken place. In other words, the equity of redemption is discharged only when the sale occurs. The mortgagee should have the right to appropriate rents received between the time of assessing damages and the delivery of the sheriff's deed. In the case of Robinson v. Home Life Insurance Company of America, above mentioned, no appropriation of such rents was made on the books of the mortgagee and clearly he could not make such appropriation after the foreclosure was completed. In the present case, however, the one month's rent of $57.50 received between the time when damages were assessed and the time when the sheriff's deed was delivered was actually appropriated on the books of mortgagee to the payment on account of principal or interest due under the defaulted mortgage. It seems to us that

the mortgagee should have the right to make such an appropriation so long as it would not, by so doing, pay itself more than the full amount of its debt and interest. If, at the sheriff's sale, the property should be bid to an amount which would exceed the full amount of the principal and interest due mortgagee, then the terre-tenant would be entitled to receive such excess from the hands of the sheriff. By construing the law in such a manner, the first mortgagee would receive only repayment of its debt, and this it should receive, prior to payment being made to the holder of a second mortgage.

## Decree

And now, November 29, 1941, the above matter coming on to be heard by the court en banc, together with oral arguments and briefs, after due consideration thereof, the court doth order, adjudge, and decree the following:

1. That judgment be entered for plaintiffs and against defendant in the sum of $251.69, together with interest on $125.85 from August 15, 1939, and with interest on $125.84 from July 27, 1940.