## The Pennsylvania Co., etc., v. Rosser et al.

*Hamilton C. Connor, Jr.*, for plaintiff.
*J. Willison Smith, Jr.*, for defendants.

WINNET, J., October 13, 1942.—Plaintiff, as mortgagee in possession, is suing defendant, the registered owner of premises 1329 South Ruby Street, Philadelphia, Pa. Recovery is sought on two distinct items: (1) The taxes paid by plaintiff; and (2) the balance due on an account rendered for the period plaintiff was in possession, which account credits receipts of rents and insurance refunds and debits the expense of upkeep of the property, the payments of mortgage interest, a five percent commission for collection of the rents and a charge for interest on the overdraft in the account.

The affidavit of defense denies any sums due plaintiff and states that the rent received should have been first applied by plaintiff for the taxes then due and particularly denies any liability to plaintiff for the collection of the rents or the interest on the overdraft. Plaintiff has filed a rule for judgment for want of a sufficient affidavit of defense.

Defendant contends that under Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343, plaintiff was in the position of a "provident owner", and as such its first obligation was to pay the taxes out of the rents received and it could not pay itself interest on the mortgage without first paying the taxes.

In the many decisions on the obligations of a mortgagee in possession there has never been an indication that such mortgagee must first pay taxes before paying the interest on the mortgage or the debt. It is true that in Integrity Trust Co. v. St. Rita B. & L. Assn., supra, the court did say (p. 348) :

". . . a mortgagee in possession, if in receipt of sufficient rents to do so, ought to pay the taxes . . ."

It did not say that there was a first obligation to pay such taxes. The opinion further states that the duty of a mortgagee in possession is that of a provident owner "with duties and obligations analogous to a trustee" (p. 348). As such a trustee he must account for the

proceeds of the property. If he has done so and has made an honest disposition of the proceeds he should not be subjected to the risk of a court saying he should have first paid one obligation rather than another. The ultimate decision must rest on whether or not he paid an honest charge against the property. If he did he is entitled to credit. A provident owner very frequently pays interest on a mortgage before paying taxes.

In some instances the mortgagee in possession could not recover the taxes from the terre-tenant: Robinson v. Home Life Ins. Co., 322 Pa. 284; Bunting v. North Phila. Trust Co. et al., 120 Pa. Superior Ct. 419; Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 352; Integrity Trust Co. v. St. Rita B. & L. Assn., supra. In these cases the mortgagee in possession had not actually appropriated the rents to the payment of the interest or any other proper obligation of the terre-tenant. The money on hand, therefore, belonged to the terre-tenant. A suit for the taxes proceeds on a right of subrogation to the city's claim and is equitable in nature, and a defendant is allowed to say that as a matter of equity the money in the hands of the plaintiff belongs to him and should be offset against the claim for taxes.

The necessity for an actual appropriation of the proceeds is further indicated by the cases in which the mortgagee after obtaining judgment in foreclosure proceedings for a sum equal to the mortgage debt without giving credit for the rents collected as mortgagee in possession was not allowed in subsequent proceedings by or against the real owner or terre-tenant to credit or apply them on the mortgage debt: Robinson v. Home Life Ins. Co., supra, p. 288; Real Estate-Land Title & Trust Co. et al. v. Homer B. & L. Assn., 124 Pa. Superior Ct. 17.

Plaintiff in the present instance made a proper application or appropriation of the rent and can recover

from defendant, the registered owner, the taxes paid to the city.

Defendant also objects to the overdraft charge which amounted only to three cents, and the five percent collection charge on the rent. All that an owner or terre-tenant is entitled to from the mortgagee in possession is an honest accounting of the proceeds. Such mortgagee is entitled to deduct actual expenses. Interest on an overdraft is an actual expense in carrying the account. The advance of money may save the property itself and it is only fair and proper that the mortgagee in possession shall be reimbursed for the cost of this money. So, too, a mortgagee in possession is entitled to reasonable compensation for services in connection with the property. Defendant has cited no authority for its contention. It is true that the weight of authority is against the allowance of such compensation: 41 C. J. 616. These authorities apparently follow the English law: 18 Engl. Ruling Cases 400. An early Massachusetts case indicated that the English rule has no application in this country. In Gibson v. Crehore, 5 Pick. 146 (1827), the court said (p. 161):

"In England such an allowance is never made, unless where a bailiff has been employed. But the reason for adopting the rule there, as I understand it, does not apply here. In England a trustee is never allowed any pecuniary compensation for his services in discharging the duties of his trust. And a mortgagee (as before foreclosure he holds the estate in trust for the mortgagor, if he chooses to redeem) falls within the scope of that ancient rule."

If we are to regard a mortgagee in possession as a quasi-trustee, then there is no reason why under our authorities as such trustee he should not be allowed a reasonable compensation for his services. The only authority we could find, In re Walter's Estate, 3 Lanc. L. R. 54 (1885), did allow a five percent commission on rents collected by the mortgagee. Plaintiff's charge

of five percent on the rent collected is a standard charge and a reasonable one and should be allowed.

The rule for judgment is made absolute and judgment is entered in the sum of $173.09 with interest from February 23, 1939.