## Northern Trust Company, Trustee, *v.* Kahn, Appellant.

Argued September 29, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Robert Levin,* with him *A. Walling Levin,* for appellant.

*E. A. Collins, Jr.,* with him *Hepburn & Norris,* for appellee.

OPINION BY KELLER, P. J., November 17, 1943:

The facts in this case were concisely stated by Judge LEWIS, the trial judge, sitting without a jury, in his findings, as follows:

"This is an action in assumpsit for the recovery of taxes. The plaintiff was the holder of a mortgage secured upon premises 1419 North Broad Street, of which property the defendant was the real owner. The

plaintiff as mortgagee took possession of the premises in July of 1941, and received the rents therefrom due July 1, 1941, and thereafter. Foreclosure proceedings were instituted in Court of Common Pleas No. 1 as of September Term 1941, No. 442. In these proceedings judgment was entered [on October 8, 1941] for plaintiff [in accordance with] an assessment of damages ...... filed by its attorney of record, in which the net rents in the hands of the plaintiff, amounting to $592.97, were credited against the principal and interest due ...... on the mortgage debt.

"The property was subsequently sold to the plaintiff at Sheriff's sale on November 3, 1941, and the plaintiff was obliged to pay arrears of taxes assessed against the premises for the years 1940 and 1941, in the total amount of $1,564.49. The defendant was the real and registered owner of the premises on January 1, 1940, and on January 1, 1941, and hence was personally liable for these taxes. Admitting this liability, she has paid to the plaintiff $667.77, and has received a further credit of $303.75 for net rents collected by the plaintiff between the time of the assessment of damages and the date when the plaintiff took title from the Sheriff. The balance of $592.97, equal to the net rents collected by the plaintiff as mortgagee in possession prior to the time of the assessment of damages, the defendant contends should be credited against the taxes. The plaintiff, however, asserts that it appropriated these net rents to principal and interest on the mortgage by giving credit therefor in the assessment of damages above referred to.

"In reply the defendant points out that the bookkeeping account of the plaintiff at the end of the year 1941 contains the entry '[12/29, 1941] transferred to Alexander M. Fox, Jr. a/c delinquent taxes $896.72,' which amount included the $592.97, and defendant avers this makes it evident that there was no appropriation to interest and principal."

The defendant also contended in this court that paragraph 6 of the stipulation as to certain facts agreed upon at the pre-trial conference, (which paragraph relates to the bookkeeping account—just before referred to by Judge LEWIS—of the Alexander M. Fox, Jr. Trust Estate, which owned the mortgage), was a *binding* admission that the amount in dispute had been applied by the plaintiff to delinquent taxes. This paragraph reads:

"6. That Exhibits 'A' and 'B' hereto annexed are true, correct and complete copies of the plaintiff's books and records pertaining to their handling of the rents involved in this litigation and that the said Exhibits 'A' and 'B' hereof, reflect and include every item of receipts and disbursements, debits and credits and balances, that was actually received or made by the plaintiff in connection with these rents."

But paragraphs 5 and 7 immediately preceding and following paragraph 6, in our opinion, effectually rebut any *binding* or *conclusive* effect, as respects an appropriation, to be given paragraph 6, and leave it a matter of fact, to be considered with the other facts admitted, or proved to the satisfaction of the trial judge in the application by him of the law to the facts so admitted or found.

These paragraphs read as follows:

"5. That Exhibit 'A' annexed to plaintiff's reply to new matter, set-off and counter-claim is a true and correct copy of the order for judgment and assessment of damages filed in the foreclosure proceedings [on October 8] referred to in paragraph 4 of the plaintiff's statement of claim, and the item therein,—'Net rents received on account—$592.97', refers to the balance of net rents in the hands of the plaintiff, as mortgagee in possession of premises 1419 North Broad Street, Philadelphia, on September 27, 1941, as shown in Exhibit 'A' attached hereto.

"7. That the sole issue involved in this suit is whether the net rents totaling $592.97 were appropriated by the plaintiff against the principal and interest of its mortgage as set forth in the assessment of damages referred to in paragraph 5 hereof, or whether the said net rents were appropriated thereafter on December 29, 1941, against the delinquent taxes herein sued for, as set forth in plaintiff's books and records."

The trial judge found in favor of the plaintiff. From the judgment entered on the finding, the defendant has appealed. The judgment will be affirmed.

We have had occasion to discuss in a number of comparatively recent cases [1] the rights, relations, duties and obligations of a mortgagee in possession of real estate, as respects the owner of the mortgaged premises, whether he be the mortgagor or only the terre-tenant, without personal liability on the bond accompanying the mortgage, as was the case here; and we think the present case is governed by our rulings in *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 353, 357, 171 A. 287, and *Securities Guaranty Co. v. Pacheto Co.*, 112 Pa. Superior Ct. 360, 363, 171 A. 291. These cases and the others referred to in the footnote are authority for holding in the present issue that the plaintiff who collected the rents as mortgagee in possession for a period of only three months, or less, prior to obtaining judgment on the scire facias sur mortgage, was not bound to apply the net rents so received to the payment of taxes, rather than on account

[1]*Integrity Trust Co. v. St. Rita B. & L. Assn.*, 112 Pa. Superior Ct. 343, 171 A. 283, affirmed, 317 Pa. 518, 177 A. 5; *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 353, 357, 171 A. 287; *Securities Guaranty Co. v. Pacheto Co.*, 112 Pa. Superior Ct. 360, 363, 171 A. 291; *Phila. Mut. B. & L. Assn. v. Bernard Samuel B. & L. Assn.*, 116 Pa. Superior Ct. 410, 414, 176 A. 777; *Penna. Co., etc. v. Verlenden*, 119 Pa. Superior Ct. 398, 402, 181 A. 603; *Real Estate-Land T. & T. Co. v. B. & L. Assn.*, 124 Pa. Superior Ct. 17, 19, 187 A. 824.

of the mortgage debt; that whether it had applied the net rents in partial payment of the mortgage debt, principal and interest, would be conclusively established by the judgment obtained on the scire facias,[2] pursuant to the assessment of damages in that proceeding. If in obtaining judgment credit was not given for the net rents then in its hands, they remained the property of the terre-tenant owner and must be accounted for to her or applied to payment of the delinquent taxes for which she was personally responsible. On the other hand, if, as was actually done here, credit was given in the assessment of damages for the net rents so received, and the judgment obtained on the scire facias was correspondingly less, the owner could make no complaint, for the mortgage debt, subject to which she acquired and held title, had been correspondingly reduced, and if she had bid in the property at the sale for the mortgage debt, she would have paid that much less. There was in this case no averment or proof that in taking possession of the premises as mortgagee any agreement had been made by the plaintiff to apply the net rents to the taxes, nor any other evidence of a contrary appropriation or application by the plaintiff prior to the entry of judgment on October 8, 1941, which judgment, pursuant to plaintiff's assessment of damages, had credited on the mortgage debt the net rents then in the plaintiff's hands amounting to $592.97. The rents received by the plaintiff, as mortgagee in possession, covering the period after the entry of the judgment and up to plaintiff's obtaining title at the sheriff's sale, amounting to $303.75, have been applied to the delinquent taxes to the relief of the appellant, who was personally liable for their payment.

---

[2] "The judgment on the scire facias is conclusive as to the appropriation or non-appropriation of the rents to the mortgage debt": *Provident Trust Co. v. Judicial B. & L. Assn.,* supra, p. 357,

The principles established by the above-cited cases justify the legal conclusion that the appropriation of *judicial record,* made by the plaintiff acting through its duly authorized attorneys, cannot be set aside or nullified by a mere bookkeeping entry made, without special authority from the officer in charge, over two and a half months later in circumstances which warranted the lower court in saying: "In our view this occurred only because the bookkeeping was incomplete, since it did not include the mortgage debt, and there would have been no way of crediting the actual cash accounted for against a debt not appearing on the books". In any event, the error of a bookkeeping clerk cannot revoke a prior appropriation judicially recorded.

The stipulations as to the facts admitted, relied upon chiefly by the appellant in this court, when read as a whole, do not amount to an admission that the sum of $896.72 rents—which included the $592.97 in suit—had actually been *applied* by the plaintiff on account of delinquent taxes, but only that the *books* contained an entry to that effect and showed no other appropriation or application—leaving as a matter of law for the decision of the court, the question whether the book entries therein referred to were sufficient to set aside and annul the prior appropriation by judicial record, which was also stipulated as an agreed fact. The court below held that they were not and we are in accord with that ruling.

The assignments of error are overruled and the judgment is affirmed.