## In re Majestic Hotel

*Stanley Folz*, of *Sundheim, Folz, Kamsler & Goodis*, for petitioner.

*Joseph H. Lieberman*, for board of revision of taxes.

CRUMLISH, J., April 4, 1944.—The Land Title Bank & Trust Company, mortgagee in possession, has petitioned for the review of the assessment made by the board of revision of taxes on premises southeast corner Broad and Stiles Streets. It avers that title to the premises is registered in the name of the Majestic Hotel, Inc., and that as a result of default in payment of the principal and interest of the mortgage thereon, and the bonds secured thereby, petitioner has entered into possession of the premises and is collecting rents, issues, and profits from the property and paying thereout the expenses incident to ownership, including payments on account of city and school taxes.

The board contends that the right to have an assessment reviewed is in "the registered owner or taxpayer" and not in a mortgagee in possession.

The sole question involved may be stated thus: Is a mortgagee in possession, who collects the rents from the mortgaged premises and applies the same in payment of taxes and other charges against the property and the balance in discharge of the interest and principal of its mortgage, within the category of "any person aggrieved" who may appeal and file a petition for review of a tax assessment under the Act of June 27, 1939, P. L. 1199, secs. 14 and 15?

In considering this question, we must bear in mind that neither the taxing authorities nor the courts on appeal are authorized to proceed in any manner other than as prescribed by statute: Hospital v. Philadelphia County, 24 Pa. 229 (1855); Philadelphia & Reading Coal & Iron Co. v. Northumberland County Commissioners, 229 Pa. 460 (1911); Seidl's Appeal, 143 Pa. Superior Ct. 539 (1941). Compliance is a condition precedent to obtaining relief from the taxing authority, the board, or the courts: Courlaender's Estate, 143 Pa. Superior Ct. 475, 480 (1941).

At the outset it should be noted that petitioner does not merely describe itself as a mortgagee in possession but avers, inter alia, that the titleholder has filed its petition for reorganization under the Federal Bankruptcy Act in the United States District Court for the Eastern District of Pennsylvania, cause no. 19520 in bankruptcy; that these proceedings are still pending but dormant; that the titleholder has ceased to function as a corporation; and further, that, as a result of the default in payment of the principal and interest on its obligation, petitioner has entered into possession and is collecting the rents, income, and profits from the premises and is applying the same in payment of taxes and in discharge of its obligation. See Sansotta v. Pittsburgh et al., 330 Pa. 199 (1938).

Because of the board's contention that the construction of the current statute allows only one conclusion, i. e., that the right of appeal and petition for review is solely in the registered owner, the matter warrants a review of the history of the pertinent legislative enactments and also a consideration of the cases cited in support of this conclusion.

The Act of March 14, 1865, P. L. 320, sec. 1, 53 PS §4811, provided that the board of revision of taxes was authorized to hear all appeals and *applications of the taxpayer* subject to the appeal from their decision to the court of common pleas of the county. The Act of April 19, 1889, P. L. 37, sec. 1, provided:

"*Any owner of real estate or taxable property* in this Commonwealth, who may feel aggrieved . . . may appeal from the decision of . . . the board of revision . . . *to the court of common pleas*." The Act of May 22, 1933, P. L. 853, sec. 518, 72 PS §5020-518, authorizing "any owner of real estate . . . *who may feel aggrieved by the last or any future assessment or valuation of his real estate* . . . may appeal from the decision . . . of the board of revision of taxes . . . to the court of common pleas. . . ." (Italics supplied.)

Commonwealth ex rel. Troutman v. Siebert et al., 7 Justices' L. R. 227 (1908) (Galbreath, P. J.), Blecker's Tax Appeal, 2 D. & C. 772 (1922) (Potter, P. J.), and Appeal of Philadelphia & Reading Coal & Iron Co. (No. 2), 22 D. & C. 475 (1935) (Hicks, P. J.), are authorities for the proposition that, prior to 1921, only the "aggrieved individual land owner" had the right of appeal. Up to this point we are in accord with counsel for the board but here we part company. We do not agree with him that the current taxing Act of June 27, 1939, P. L. 1199, secs. 14 and 15, construed in the light of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501 et seq., and Dixon's Case, 138 Pa. Superior Ct. 385 (1940), has not made any change in the designation of the person or persons authorized to appeal from, or petition for, a review of an assessment.

Under the Act of April 28, 1937, P. L. 480, sec. 7, the legislature made a distinguishable change in its authorization of the person who might seek to appeal from a tax assessment, in the following language:

"*Any person dissatisfied or aggrieved* by the assessment, or any change thereof, *may appeal* to the board of revision of taxes . . ." (italics supplied) ; and in section 8 thereof provided:

"From any decision of the board an appeal may be had to the court of common pleas of the county as now provided by law."

This act was repealed by the Act of June 27, 1939, P. L. 1199, 53 PS §§4805.14, 4805.15, which is the currently controlling act on the subject. Section 14 thereof provides:

"*Any person aggrieved* by any assessment as the same shall be fixed following revision of assessments by the board, *may file an appeal* therefrom with the board."

Section 15 thereof provides: "Any person aggrieved by the disposition made by the board of any appeal *may*

*file a petition for review* of the assessment in the court of common pleas in the county . . ." (italics supplied.)

Therefore, the immediate question is: Does petitioner come within the categorical phrase "any person aggrieved" used by the legislature in the Act of 1939, supra?

We think it is safe to state that, prior to the decision in Bulger v. Wilderman et al., 101 Pa. Superior Ct. 168 (1931), the rights of the so-called mortgagee in possession were rarely, if at all, exercised. President Judge (then Judge) Keller in his well-considered opinion in Bulger v. Wilderman et al., supra, made it clear that the mortgagee's right of possession was superior to that of the mortgagor and those claiming under him, and that on demand a tenant was justified in attorning and paying rent to the mortgagee. This was followed by Randal v. Jersey Mortgage Investment Co. et al., 306 Pa. 1 (1932), which, in effect, affirmed Bulger v. Wilderman et al. Thereafter, mortgagees were quick to pursue their rights, with the result that the questions regarding them were prompt in making their appearances before the courts. In Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343 (1934), Keller, J. (now P. J.), further clarified the situation. See also Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 352 (1934), Securities Guaranty Corp. v. Pacheto Co., Inc. 112 Pa. Superior Ct. 360 (1934), and Philadelphia Mutual B. & L. Assn. v. Bernard Samuel B. & L. Assn., 116 Pa. Superior Ct. 410 (1935).

By the year 1935, as a result of the aforementioned decisions, the right of a mortgagee to take possession of the mortgaged premises and to collect the rents therefrom was not only well understood, but it was the general practice for mortgagees to step in and take possession wherever it amounted to a protection of the

security. Therefore, it seems reasonable to conclude that the legislature in passing the Act of 1937, supra, had the rights of a mortgagee in possession in contemplation when it adopted the phraseology "any person dissatisfied or aggrieved by the assessment or change thereof may appeal . . .", and the Act of 1939, supra, by using the term "any person aggrieved" made no change in the classification.

Assuming, but not admitting, that the statute under consideration is not free from ambiguity, our conclusion is strengthened when we apply the Statutory Construction Act and the decisions of our appellate courts stating the rules for construing statutes. Prior to the Act of 1937, supra, it was definitely established in Pennsylvania that the real owner was the one authorized to appeal from an assessment, and also that a mortgagee in possession was not the real owner of real estate with the accompanying personal liability for payment of taxes. See Pennsylvania Co., etc., Trustee, v. Bergson, 307 Pa. 44 (1932), Provident Trust Co. v. Judicial B. & L. Assn., supra, Integrity Trust Co. v. St. Rita B. & L. Assn., supra, and Philadelphia Mutual B. & L. Assn. v. Bernard Samuel B. & L. Assn., supra. It therefore followed that a mortgagee in possession was helpless to appeal from an unjust assessment in order to protect his investment.

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters— (1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law": Statutory Construction Act,

art. IV, sec. 51, 46 PS §551. Section 52 thereof provides:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable . . ."

" 'When the design of the Legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits. And when a statute is ambiguous in terms or fairly susceptible of two constructions, the injustice, unreasonableness, absurdity, hardship, or even the inconvenience which may follow one construction may properly be considered and a construction of which the statute is fairly susceptible may be placed on it that will avoid all such objectionable consequences and advance what must be presumed to be its true object and purpose' ": per Maxey, J. (now C. J.), in Fazio v. Pittsburgh Railways Co., 321 Pa. 7, 12 (1936), quoting from 25 R. C. L. 1017, sec. 255.

"Where the language of a statute is different from that of an earlier one on the same subject, the change of the language indicates a change of the legislative intent. Where statutes conflict, the later governs": Ogilvie's Estate, 291 Pa. 326 (1927), syllabus. Applying these rules to the position of a mortgagee in possession, when the Acts of 1937 and 1939, both supra, were passed, it became crystal clear that the legislature, by the use of the broad term "any person aggrieved", intended to protect the rights of a mortgagee in possession, which were then well known.

It cannot be seriously contended that a mortgagee in possession is not within the category of "any person aggrieved" when we bear in mind that an unjust assessment can operate to his detriment by postponing,

if not preventing, application of the rents and profits accruing from the mortgaged premises in discharge of his obligation. Furthermore, an unjust assessment can prevent a mortgagee fully discharging taxes by applying the rents, because the former might exceed the latter, and a sale of the property in payment of taxes would discharge his mortgage. In either case, without the right of appeal, a mortgagee in possession cannot coerce or compel an owner to take an appeal. All that he can do is to sit by and suffer. We need not look beyond the instant case for an excellent example. Here a registered owner has ceased to exercise its corporate functions and on the facts set forth in the petition before us has neither the ability nor the intention to protect its interest in the land, whatever it might be. To say, therefore, that a mortgagee in possession is not within the classification of "any person aggrieved" who is authorized by the statute to appeal and petition for a review of an assessment is not only to place a construction on a statute which would fail to remedy mischief but would make it susceptible of a construction which would amount to "injustice, unreasonableness, absurdity, hardship or even . . . inconvenience".

Accordingly, the question involved is answered in the affirmative.